■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON COLLIER, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 22, 1980, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree. On December 4, 1980, defendant entered a plea of guilty to the first count of an indictment charging him with criminal possession of a controlled substance in the fourth degree, a class C felony, in full satisfaction of a four-count indictment. He was sentenced as a predicate felon to an indeterminate 5- to 10-year term of imprisonment. On this appeal, defendant assigns as error the alleged inadequacy of the police officers' affidavits supporting the issuance of the search warrant that enabled the police to uncover cocaine on defendant's premises. Thus, he asks this court to reverse the trial court by vacating the warrant and suppressing the tangible evidence. In furtherance of his contention, defendant argues that the application for the warrant was defective in that the police officers' affidavits indicated reliance on informants whose credibility had not been established and whose information was not the product of underlying circumstances indicative of the manner in which the informants came by their information so as to demonstrate sufficient probability of success in a search of the premises in question. We disagree. In *Aguilar v Texas* (378 US 108), the United States Supreme Court established a two-pronged test concerning issuance of search warrants. The first prong, known as the veracity test, requires a showing to establish the trustworthiness of the informant while the second prong, the basis of knowledge test, further refined in *Spinelli v United States* (393 US 410), requires that the veracity of the information furnished is to be weighed against the facts and circumstances relied upon by the informant in reaching his conclusions. New York law employs a similarity of analysis, wherein the essential factor is the presence of a substantial basis for crediting the hearsay statements of informants (see *People v Hanlon,* 36 NY2d 549). Applying these principles, we conclude that the supporting affidavits were sufficient to establish probable cause. Detective Sutton's supporting affidavit recounts a conver-

---

sation with an informant who informed the officer of defendant's address in Albany and the make and license plate number of his automobile. Further, the affidavit states that Detective Sutton had two separate conversations with the informant, one in April of 1980 and the other during the week of June 23, 1980, wherein he was informed that defendant was selling cocaine. The reliability of the officer's informant was established by the recitation that on two prior occasions information supplied by Sutton's informant had resulted in drug arrests. Next, Detective Sutton stated that he had observed defendant at his residence with known cocaine users and saw defendant driving a car identical in make and color to one described by the other narcotics officer. Clearly, the reliability of the informant can be established by the warrant-seeking officer attesting to past instances of reliability or by personal observation by the police of sufficient details corroborative of the informant's information (*People v Elwell,* 50 NY2d 231, 237). Thus, the veracity of the informant was adequately established. The basis of knowledge requirement was supplied by the signed statement of Detective Fargione. This narcotics detective's affidavit, while specifically detailing information concerning a cocaine dealer named Gordon, nevertheless relates the information concerning Gordon to defendant with respect to his house and his automobile. Accordingly, we conclude that the application for the search warrant, considered in the clear light of everyday experience, established probable cause for the issuance of the warrant. We reject defendant's request to reverse the order of the trial court holding the Grand Jury minutes to be sufficient to support the indictment since we have previously held that a plea of guilty vitiates any question as to the sufficiency of the Grand Jury minutes (*People v Clark,* 65 AD2d 884, mot for lv to app den 46 NY2d 915). Defendant's challenge to the constitutionality of subdivision 1 of section 220.09 of the Penal Law on the ground that cocaine is not a narcotic drug is without merit. Those who attack the constitutionality of legislative enactments must do so beyond a reasonable doubt (*People v Pagnotta,* 25 NY2d 333). Since there is more than adequate evidence of the consequences of cocaine abuse to furnish a reasonable basis for the Legislature to define cocaine as a narcotic for the purpose of regulating its nonmedical use, it necessarily follows that defendant has not sustained his heavy burden. Finally, defendant's contention that his sentence was harsh and excessive is unpersuasive. We have stated on numerous occasions that the imposition of sentence is within the discretion and judgment of the sentencing court and only extraordinary circumstances will induce our interference (see *People v Gemmill,* 34 AD2d 177; *People v Caputo,* 13 AD2d 861). Here, defendant's lengthy arrest record, which includes two previous drug-related convictions, fails to demonstrate circumstances warranting a modification of the sentence. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.