## (January 20, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULA J. BAL-SCHWEIT, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered May 12, 1981, upon a verdict convicting defendant of the crimes of driving while intoxicated and operating a motor vehicle with .10 of one per centum or more by weight of alcohol in her blood. Defendant was charged in a two-count indictment with driving while in an intoxicated condition as a felony and with operating a motor vehicle with .10 of one per centum or more by weight of alcohol in her blood as a felony. After a trial defendant was found guilty on both counts. She was sentenced to a term of imprisonment of six months on each count, with the sentences to run concurrently. This appeal ensued and defendant contends that the trial court made certain errors on evidentiary rulings during the trial. More specifically, defendant contests the admissibility of a statement allegedly made by her at the scene of the arrest to police officers. One of the officers testified that at the scene defendant stated she had several drinks, while at the preliminary hearing the officer testified that defendant did not relate how much she had been drinking. The District Attorney admitted he told defendant's counsel that any admissions made by defendant did not indicate the quantity nor type of drink consumed by defendant. Defendant contends it was error to receive the testimony that she had several drinks since she was not served with proper notice of such statement as required by CPL 710.30. We disagree. The purpose of the notice requirement provided in CPL 710.30 (subd 1) is to set into operation the statutory procedure for a pretrial hearing on the issue of voluntariness (*People v Briggs,* 38 NY2d 319, 322-323). In the instant case, there was no objection on the ground of voluntariness. Where there is no question of voluntariness, such a notice of intention need not even be served upon the defendant (*People v Greer,* 42 NY2d 170, 178). Consequently, defendant's contention concerning the lack of specificity of the notice of intention must fail. Defendant also maintains that the trial court improperly precluded as too remote her offer into evidence of her 1972 dental records to show she was fitted with dentures in 1972. It was defendant's contention that this proof pertained to the effect that dentures have on the results of a breathalyzer test. Again, we disagree. Whether such proof is too remote is for the sound discretion of the trial court. (*Bashaw v Bouvia,* 14 AD2d 640, 641) and on this record we are unable to say that the court abused its discretion. There should be an affirmance. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.