(February 23, 1984)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL PRAY, Appellant. — Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered October 6, 1982, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree. Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1) and, after a trial by jury, was found guilty as charged. Defendant was sentenced to concurrent terms of incarceration of 3 to 9 years. On this appeal, defendant raises several grounds of error, none of which require reversal. First, Trooper Frank Hildebrandt testified that, acting as an undercover agent, he purchased from defendant, on the dates specified in the indictment, a substance later identified in court by State Police chemical analysts as cocaine. Thus, there is no merit to defendant's claim that the People failed to establish a prima facie case as to

both counts of the indictment and there was sufficient evidence to support the jury's verdict. Second, defendant did not make an objection on the ground of voluntariness under CPL 710.30 to the introduction of the taped conversation and the absence of an objection prevents us from reviewing this issue for the first time on appeal (CPL 470.05, subd 2; 470.15, subd 1; *People v Travison,* 59 AD2d 404, 407, affd 46 NY2d 758, cert den 441 US 949). In any event, where there is no question of voluntariness, the notice specified under CPL 710.30 is not required (see *People v Greer,* 42 NY2d 170, 178; *People v Balschweit,* 91 AD2d 1127). Third, County Court's failure to give a limiting instruction on the value of the taped conversation and its transcript was not reversible error. The effect of the conversation was ambiguous in that it included slang which might have implicated defendant as being familiar with drug trafficking and, as County Court noted, an instruction to this effect would have been tantamount to characterizing defendant's statements as a confession, which would have destroyed defendant's case. On the other hand, if these statements were ultimately construed as not a confession, such an instruction would have amounted to reversible error (see *People v Greenwaldt,* 72 AD2d 836, 837-838). Thus, County Court took the prudent course in not characterizing the statements and permitting the jury to draw its own conclusions as to the effect of the recorded statements. Fourth, County Court properly refused to charge criminal sale of a controlled substance in the fifth degree (Penal Law, § 220.31) as a lesser included offense of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1). There is no reasonable view of the evidence in this case which would support a finding that defendant committed the lesser crime and not the greater crime (CPL 300.50; *People v Glover,* 57 NY2d 61, 63) because defendant denied selling any drugs to Hildebrandt and did not seriously dispute that the drug introduced into evidence as that he sold was cocaine, a "narcotic drug" (Penal Law, § 220.00, subd 7; see *People v Konyack,* 99 AD2d 588; *People v Collier,* 89 AD2d 1041, 1042), an element of the greater crime charged. Finally, defendant did have a prior record of involvement with drugs and the sentence imposed was significantly less than the maximum to which he could have been sentenced. Accordingly, the sentence cannot be deemed an abuse of discretion requiring modification. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.