■ In the Matter of EDDIE M., a Person Alleged to be a Juvenile Delinquent, Appellant.

On November 16, 1983, at approximately 2:50 P.M., Police Officer John Goggin and his partner, while on uniform motor patrol in Brooklyn, spotted the 15-year-old appellant holding what appeared to be a gun. Appellant, with his head facing

downward, was looking at the object. Another patrol car containing two police officers arrived on the scene, and Goggin apprised them of the situation. The officers then exited their respective vehicles, approached appellant from opposite directions and ordered him to drop the object which Goggin now knew to be a gun. Appellant did not comply with the command, but instead, turned toward Goggin and his partner while holding the gun in his right hand at waist level with the barrel facing downward. Goggin feared that appellant was going to shoot him. Appellant then turned toward the other officers in the same manner, whereupon he ran away. Goggin, his partner, and the other officers chased appellant into a grocery store half a block away, where they cornered him behind the counter. Still holding the gun, appellant put up a struggle as the officers attempted to take him into custody. While the officers were in the process of subduing appellant, the gun fell to the floor. When the officers finally managed to handcuff appellant, he was placed under arrest. The ballistics report revealed that the gun was an operable .357 magnum and had contained six live bullets.

Petitioner subsequently commenced the instant proceeding, seeking to have appellant adjudged a juvenile delinquent. After the court determined that there was probable cause to believe that appellant had committed the crimes alleged in the 11 counts in the petition, it conducted a fact-finding hearing.

When petitioner attempted to introduce the gun which Goggin had recovered from appellant, appellant objected on the ground that petitioner had not given him notice of its intention to offer the gun as evidence at the hearing. After determining that appellant was not contesting the lawfulness of Goggin's actions in recovering the gun, the court overruled the objection and admitted the gun into evidence. Based upon the uncontroverted testimony of Goggin, the sole witness to testify at the hearing, the court sustained 5 of the 11 counts in the petition, i.e., criminal possession of a weapon in the third degree, obstructing governmental administration, resisting arrest, menacing and unlawful possession of a weapon by a person under 16, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Division for Youth for a period of one year. At no point in the proceeding has appellant urged that the gun ought to have been suppressed.

Appellant's primary contention on appeal is that "[a]ll evidence relating to the gun must be precluded" because petitioner did not give him advance, written notice of its intention to offer the gun as evidence at the fact-finding hearing or demonstrate good cause for its failure to do so. We disagree.

Petitioner's contention to the contrary notwithstanding, it is clear that, absent a showing of good cause, the Family Court Act generally requires the presenting agency in a juvenile delinquency proceeding to serve the alleged juvenile delinquent with notice of its intention to offer tangible evidence at the fact-finding hearing as a condition precedent to the admission of such evidence against him (*see,* Family Ct Act § 330.2 [2], [8]; CPL 710.20 [1]). In light of petitioner's admitted failure to serve appellant with the requisite statutory notice of its intention to offer the gun as evidence at the fact-finding hearing, it must be determined whether the sanction of preclusion ought to have been imposed.

Courts have had occasion to pass upon the analogous notice provision applicable to criminal proceedings (CPL 710.30), and their interpretations thereof may be considered to assist in the interpretation of the notice provision with which we are now concerned (*see,* Family Ct Act § 303.1 [2]; *see also,* Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 330.2, p 411; Besharov, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 29A, 1984-1985 Pocket Part, Family Ct Act § 330.2, p 35). With this in mind, it is apparent that the purpose of the subject notice provision is to give an alleged juvenile delinquent time to prepare his case for challenging the lawfulness of a seizure of tangible evidence (*cf. People v Briggs,* 38 NY2d 319, 322-323; *People v Greer,* 42 NY2d 170, 178; *People v Ross,* 21 NY2d 258, 262).

In view of the underlying purpose of the statutory notice provision, it is of especial significance that appellant has not demonstrated that he suffered prejudice as a result of petitioner's failure to comply with its prescription, as he never requested a suppression hearing and, "[i]ndeed, even on this appeal * * * does not seek to move this court by urging" the unlawfulness of Goggin's seizure of the gun (*People v Ross, supra,* p 262). In fact, the scle basis for appellant's objection to the introduction of the gun was that he had not been served with proper notice of petitioner's intention to do so as prescribed by statute, despite the court's repeated inquiries as to whether appellant was contending that the seizure of the gun was unlawful. Since there was no question as to the lawfulness of the seizure, appellant cannot successfully urge that petitioner's failure to serve him with a notice of intention to offer the gun mandated its preclusion (*cf. People v Greer, supra,* p 178, *affg* 49 AD2d 297; *People v Pray,* 99 AD2d 915, 916; *People v Balschweit,* 91 AD2d 1127).

Were we inclined to hold to the contrary, we would nonetheless conclude from the circumstances herein that appellant had

actual knowledge of petitioner's intention to introduce the gun at the hearing and, therefore, that there was good cause to dispense with the statutory notice requirement (*see,* Family Ct Act § 330.2 [2]; *cf. People v Michel,* 56 NY2d 1014, *rearg denied* 57 NY2d 775). The petition specifically alleged that appellant had possessed a "loaded firearm, to wit, a .357 MAGNUM HANDGUN". Moreover, Goggin testified in detail at the probable cause hearing with respect to the gun in question, and even underwent voir dire examination by appellant's attorney regarding the ballistics report. Furthermore, subsequent to the probable cause hearing but prior to the fact-finding hearing, appellant served petitioner with a demand to produce which included, *inter alia,* an inquiry as to whether "any property" had been recovered from him, and a corresponding demand that any such property be "[p]roduce[d] * * * for inspection * * * or testing". Petitioner responded that property had been recovered from appellant, and gave a date when said property could be inspected "prior to trial [*sic*]". Given these circumstances, we are impelled to conclude that appellant had actual notice of petitioner's intention to offer the gun as evidence at the fact-finding hearing (*cf. Matter of Jorge R.,* 120 Misc 2d 348), and thus, that good cause was shown to dispense with the statutory notice requirement (*see,* Family Ct Act § 330.2 [2]; *cf. People v Michel, supra*).

We have considered appellant's other contentions and find them to be either unpreserved or lacking in merit. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.