OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant argues that he was denied effective assistance of counsel because his trial attorney failed to interview and to call to the stand an exculpatory eyewitness who had told the police that she was "eighty percent sure” of her identification of the robbers, but had identified from a photo array two other men as the perpetrators. At a CPL 440.10 hearing, defendant’s attorney testified that he had decided to conduct his defense by cross-examining the People’s sole identification witness, the complainant, who had identified defendant in a lineup conducted nine months after the crime.
 

 As defendant concedes on this appeal, the complainant’s identification testimony objectively could be viewed as weak because of this witness’ limited opportunity to observe the robbers. In these circumstances, the strategy chosen by defense counsel to expose the deficiencies of the evidence of identification through cross-examination of the prosecutor’s
 
 *663
 
 own witness, rather than to explore and present other evidence of misidentification, was reasonable
 
 (see, People v Baldi,
 
 54 NY2d 137, 146-147).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Order affirmed in a memorandum.