■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL PENABEL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered November 13, 1985, convicting him of murder in the second degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

We find that the defendant did not satisfy his burden of proving that he acted under the influence of extreme emotional disturbance. He failed to show a reasonable explanation for the incident, such reason being viewed by the subjective, internal situation in which the defendant found himself *(see, People v Moye,* 66 NY2d 887; *People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842; Penal Law § 125.25 [1]), nor did he show that the circumstances were such that he lost control of his ability to exercise the restraint that he should have exercised *(see, People v Moye, supra; People v Walker,* 64 NY2d 741). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the verdict of guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also find that the record does not support the defendant's claim of a deprivation of his right to the effective assistance of counsel. Defense counsel's representation was within the broad range of reasonably competent assistance and there is no reasonable probability that the outcome of the trial was affected by any alleged shortcomings of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Diaz,* 131 AD2d 775).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief and as to the propriety of his sentence, and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.