THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CAZEAU, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered March 22, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant shot his estranged girlfriend twice with a shotgun as she stood in front of her mother's house. The mother and a neighbor witnessed the shooting. Viewing the evidence adduced at the trial in a light most favorable to the

People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Although the defendant testified that the gun went off accidentally and contends on appeal that the testimony of the Medical Examiner about the position of the wounds supported his testimony, the jury could reasonably credit the testimony of the two eyewitnesses that the defendant aimed and fired the gun at his victim. Moreover, the defendant failed to meet his burden of proving that he acted under the influence of extreme emotional disturbance *(see, People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842; *People v Penabel,* 150 AD2d 394; *People v Rivera,* 123 AD2d 794).

The defendant failed to object to that language in the court's charge which equated proof "beyond a reasonable doubt" with proof to a "moral certainty" and informed the jurors that they must acquit if their "minds are wavering" or the "scales are even". Accordingly, his claim of error with respect thereto is not preserved for appellate review. Moreover, since the charge as a whole properly explained the concept of reasonable doubt, a reversal in the interest of justice is not warranted *(see, People v Fisher,* 112 AD2d 378; *People v Harvey,* 111 AD2d 185; *People v Dee,* 106 AD2d 582).

We do not find the sentence imposed to be excessive.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.