■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CHARLESTON, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J.), rendered on April 13, 1988, convicting defendant following a jury trial, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 25 years to life to run consecutively to parole time owed on a prior conviction, is unanimously affirmed.

Defendant's sole argument on appeal is that he was denied the effective assistance of counsel. His assertion of inadequate legal representation is primarily predicated on the fact that his attorney purportedly did not properly prepare the case for trial, specifically by failing to locate and interview a witness whose testimony he had reason to believe would be exculpatory. This individual, a woman named Phyllis Arlene Blue, was supposedly on the scene when defendant was observed shooting the deceased, a rival drug dealer. A number of people witnessed the homicide, including Dawn Joyner and Jeanese West, who both claimed to have known defendant from the neighborhood for many years. The following day, West heard defendant admit to others that he had killed the deceased. In addition, West and two other witnesses subsequently identified defendant in a lineup. At trial, however, defendant challenged the People's identification testimony. It was his contention, in part, that neither Joyner nor West was sufficiently acquainted with him to recognize him on the night of the murder notwithstanding ample, if not overwhelming, proof to the contrary. He also endeavored to demonstrate inconsistencies in the descriptions of the incident provided by Joyner and West. Yet, the record does not indicate any significant contradiction in their accounts, certainly no more so than is ever present when two different people relate the same event. Thus, confronted with two eyewitnesses who stated that they had known defendant for years, defendant's lawyer attempted to impeach their identifications by minimizing their prior familiarity with defendant, insisting that they had limited opportunity to view defendant, emphasizing whatever minor discrepancies could be uncovered and attacking their credibility based upon their supposed questionable backgrounds.

Defendant never expressed any disagreements to the trial court concerning his counsel's strategy nor did he ever move to vacate his conviction on this ground. Yet, for the first time on appeal, he urges that his attorney was not competent, largely because he made no effort to locate this allegedly exculpatory witness, Phyllis Blue, who was reported to have informed police that, although not having observed the shooting itself, she had noticed a clean-shaven, very tall man, holding a gun, leave the courtyard after the shooting. Joyner, however, had testified that defendant possessed a beard at the time of the homicide, and defendant also had a beard when arrested. It should be noted that defendant's lawyer, when apprised from *Rosario* material of Blue's existence, promptly moved for a mistrial or, alternatively, for a continuance. Then, after the People failed to locate the witness, counsel endeavored to have part of her statement introduced as a stipulation or have the case dismissed in the interests of justice. Yet, the fact that he attempted to exploit weaknesses in the prosecution's eyewitnesses rather than to search for another witness whose character might also be subject to possible disparagement is not an unreasonable tactical decision. In any event, there is no basis for a finding of inadequate legal representation in the record before this court. Concur—Milonas, P. J., Rosenberger, Ellerin and Smith, JJ.