■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL LESTER, Appellant.—Judgment, Supreme Court, Bronx County (William Martin, J., at hearing and jury trial), rendered April 13, 1988, convicting defendant of robbery in the first and second degrees (Penal Law § 160.15 [4]; § 160.10 ■) and sentencing him to concurrent indeterminate terms of imprisonment of 6 to 18 years and of 3 to 9 years, respectively, unanimously affirmed.

Defendant was convicted of a May 1, 1986 robbery in which he displayed what appeared to be a shotgun. One of the two victims testified that she sensed the weapon against her head. The other described a big gun, with a green handle, which was neither a rifle nor a pistol.

Defendant contends that proof as to the nature of the weapon failed to establish that it "appear[ed] to be a * * * shotgun". (Penal Law § 160.15 [4].) We find this claim to be without merit. That a robbery had occurred was conceded at trial. A police witness, without objection, testified that a shotgun had been described to him. Since the witnesses' testimony plainly established that something resembling a shotgun was displayed and because the main issue at trial was identification, nothing more specific about the object displayed was required in order to support a conviction. *(People v Baskerville,* 60 NY2d 374, 381 [1983].)

We also reject defendant's claim that his conviction should be reversed because the court did not give an alibi charge. While the defendant presented alibi evidence, his counsel neither requested an alibi charge nor objected when the court failed to give one. Thus this claim is unpreserved. (CPL 470.05 ■; *People v Contes,* 60 NY2d 620 [1983].) In any event, the record shows that counsel had a purposeful strategy. He argued in summation that the issue at trial was the reliability of the identification testimony. He also made the point of saying that the jury did not have to be absolutely sure of the defense evidence, but that it did raise a reasonable doubt.

The defendant's right to be present at all stages of the trial was not violated when the court sent the jury out to dinner in his absence, and in the absence of defense counsel and the District Attorney. Defense counsel, with the defendant present, had previously sanctioned this procedure, and the court made a record of its brief comments to the jury which amounted to little more than an instruction to enjoy dinner. Accordingly, we find that this procedure neither impermissibly affected " ' "the organization of the court or the mode of

proceedings prescribed by law" ' " *(People v Mehmedi,* 69 NY2d 759, 760 [1987], quoting *People v Ahmed,* 66 NY2d 307, 310.)

The sentence was also appropriate. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.