■ The People of the State of New York, Respondent, v Cornelius Howell, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), convicting defendant, after jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to 2-½ to 5 years imprisonment, unanimously affirmed.

We reject defendant's argument that the trial court gave an erroneous circumstantial evidence charge because it did not use the specific words "the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence." Such instruction must be given only "in substance" *(People v Sanchez,* 61 NY2d 1022, 1024). Although the circumstantial evidence charge herein was somewhat disorganized, it conveyed the appropriate standards *(see, People v Adams,* 69 NY2d 805).

As defendant neither requested an alibi charge, nor raised any objection that no alibi charge was given, defendant has failed to preserve the issue for appellate review (CPL 470.05 [2]). In any event, although defendant testified that at the time of the burglary he was engaged in a scam involving subway tokens at a subway station located several blocks from the burglary scene, defense counsel understandably did not highlight this offered alibi testimony in summation. Rather, defense counsel argued, essentially, misidentification and lack of direct evidence. Thus, it appears that defendant's failure to either request an alibi charge, or object that such a charge was not given, constituted purposeful trial strategy, and the trial court did not err in failing to give, *sua sponte,* an alibi charge *(see, e.g., People v Lester,* 163 AD2d 201, *lv denied* 76 NY2d 988). Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.