■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SWINSON, Appellant.—Judgment, Supreme Court, New York County (Max Sayah, J.), rendered September 13, 1989, convicting defendant after jury trial of grand larceny in the fourth degree and sentencing him as a predicate felon to a term of imprisonment of 2 to 4 years, unanimously affirmed.

Defendant's conviction arises out of his arrest for taking personal property from the coat pocket of a 77 year old victim on a Manhattan street. Evidence adduced at trial was that the crime was observed by a police officer on plainclothes duty, and that defendant was arrested after his struggle with that officer was observed by two other officers.

There was no abuse of discretion by the trial court in denying defendant's application for preclusion of the testimony of two police officers as merely cumulative on the issue of defendant's flight from the scene. The record indicates that evidence provided by the two officers, although entwined with

the flight issue, was admissible as relevant and tending to establish the facts leading to defendant's arrest *(see, e.g., People v Yazum,* 13 NY2d 302).

As defendant neither requested a specific charge regarding evidence of flight, nor objected that such a charge was not given, he has failed to preserve the issue for appellate review as a matter of law (CPL 470.05). In this connection, it is noted that defense counsel reasonably did not request such a charge in order to avoid the court calling to the jury's attention the "consciousness of guilt" theory inherent therein, as a part of trial strategy apparently calculated to direct the jury's attention instead to suggested improper police conduct *(see, e.g., People v Lester,* 163 AD2d 201, *lv denied* 76 NY2d 988).

There is no merit to defendant's claim of prosecutorial misconduct in summation. Initially, it is noted that the defense counsel's objections to certain comments of the prosecutor were sustained, and immediate curative instructions were given to the jury. It is presumed that the jury followed the trial court's instructions in this regard *(see, e.g., People v Rodriguez,* 103 AD2d 121). Otherwise, the prosecutor's summation constituted appropriate response to the defense summation attacking credibility of the People's witnesses *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912) and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396). Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.