■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LAFRANCE, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered October 3, 1983, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of imprisonment of 25 years to life, and order of the same court, dated May 11, 1990, denying defendant's post-judgment motion pursuant to CPL 440.10, unanimously affirmed.

Defendant was convicted of killing his fiancée. He stabbed her three times, hit her in the head with a hammer, and

threw her body out of a fifth-story window. Defendant then locked the door to their apartment from the inside, and climbed down the fire escape. Subsequently, he claimed that since the door was locked, he could not get into the apartment, and solicited the help of a friend in breaking down the door. Although defendant initially provided an exculpatory statement to police, a month after the killing he provided a complete confession. The People introduced into evidence testimony concerning prior incidents when defendant was observed abusing or threatening the victim. Evidence also was adduced that defendant at that time had been carrying on an affair with a co-worker, which was relevant to the People's theory of motive. Although defendant worked during the daytime, one of the People's witnesses regularly saw defendant near the apartment during working hours. Defendant worked only six blocks away, and had explained to this witness how he would sneak out of work unobserved. On the day of the killing, another witness saw defendant, during midday, enter the building, but leave later, returning again in late afternoon.

Viewing the evidence in a light most favorable to the People under the standards set forth in *People v Bleakley* (69 NY2d 490, 495) and giving due deference to the jury's findings of credibility, defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence.

Giving due deference to the findings of the hearing court *(People v Rivera,* 68 NY2d 786, 788), we find no basis for disturbing its conclusion that defendant's confession was voluntary beyond a reasonable doubt.

Under the standards set forth in *People v Rivera* (71 NY2d 705, 708-709) and *People v Baldi* (54 NY2d 137, 146), we find no basis to conclude that defendant was denied meaningful representation at trial. The record does not support defendant's contention that counsel's failure to request an alibi charge was tantamount to ineffective assistance of counsel. Nor do we find a basis to conclude that counsel was not pursuing a valid strategy *(People v Baldi, supra; People v Ford,* 46 NY2d 1021; *People v Howell,* 174 AD2d 356, *lv denied* 78 NY2d 1012; *People v Lester,* 163 AD2d 201, *lv denied* 76 NY2d 988). Similarly, we find no basis to conclude that it was incompetent for counsel to choose not to call a purportedly exculpatory witness *(see, e.g., People v Thompson,* 69 NY2d 661; *People v Charleston,* 161 AD2d 544, *lv denied* 76 NY2d 854).

Testimony that defendant had abused and threatened to kill

his fiancée on previous occasions was probative of motive and inextricably interwoven with evidence establishing that defendant was the killer *(People v Shorey,* 172 AD2d 634, *lv denied* 78 NY2d 974; *People v Linton,* 166 AD2d 670, *lv denied* 77 NY2d 879). Balancing the probative value of this evidence against the potential for undue prejudice, the trial court did not abuse its discretion. Defendant's contention that the court failed to provide a limiting instruction is unpreserved for review *(People v Bracy,* 174 AD2d 527, *lv denied* 78 NY2d 1074), and we find no reason to review in the interest of justice.

Defendant's contention that hearsay evidence was improperly admitted was not preserved for review by appropriate objection (CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818), and we find no reason to review in the interest of justice. If we were to review, we would find that while it was error to question one of the People's witnesses about a statement made to that witness by the deceased, the error was harmless beyond a reasonable doubt *(People v Osuna,* 65 NY2d 822). Nor did defendant preserve his challenges to the People's rebuttal evidence *(supra; People v Beavers,* 127 AD2d 138, 140), and we decline to review in the interest of justice.

We have reviewed defendant's remaining contentions and find them to be unpreserved for review and meritless. Finally, we find no basis to disturb the sentencing court's sound exercise of discretion. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Smith, JJ.