■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DURHAM, Appellant.—Judgment, Supreme Court, New York County (James Leff, J., and a jury), rendered April 10, 1991, convicting defendant of robbery in the second degree, and sentencing him, as a predicate felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant and an unapprehended accomplice robbed the complainant near the Port Authority bus terminal. The crime was observed by an undercover Port Authority police officer, who had been following the two men, after observing that they were suspiciously eyeing passersby. Defendant was apprehended after a short chase.

Defendant failed to object to the court's charge on reasonable doubt or the presumption of innocence, and thus these claims are not preserved for appellate review, and we decline to review in the interest of justice. Were we to review, we would find that the charge as a whole properly explained the relevant legal criteria, and thus a reversal in the interest of justice would not be warranted *(People v Cazeau,* 154 AD2d 611, *lv denied* 75 NY2d 768). Aside from the limited language now complained of, the court sufficiently explained the concepts of reasonable doubt and the presumption of innocence. As no charge was requested on the significance to be accorded

evidence of flight, this claimed error is also unpreserved *(People v Swinson,* 176 AD2d 613, *lv denied* 79 NY2d 864), and we decline to review it in the interest of justice. Given the incredible character of defendant's trial testimony, failure to give a charge on flight could hardly have affected the outcome of the trial.

The imposition of the statutory maximum sentence was not an abuse of discretion, and the sentence was not excessive, in view of defendant's extensive criminal history, and the fact that lenient sentences meted out to defendant on prior convictions have not deterred his criminal activities. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.