■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GARRASTEQUI, Appellant.—Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered August 8, 1989, convicting defendant Diaz, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 12½ to 25 years, unanimously modified, on the law, to reduce the conviction to robbery in the third degree, and remand the matter to Supreme Court for resentencing, and otherwise affirmed.

Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered August 8, 1989, convicting defendant Garrastequi, after a jury trial, of robbery in the first degree, and, upon his pleas of guilty, of robbery in the first degree, attempted robbery in the first degree, tampering with a witness in the third degree, intimidating a victim or witness in the third degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8 to 24 years for each first degree robbery and 5 to 15 years for attempted first degree robbery, to run consecutive to concurrent terms of 2⅓ to 7 years for third degree witness tampering and 1⅓ to 4 years for third degree witness intimidation, and concurrent terms of 2⅓ to 7 years for each third degree weapon possession, unanimously modified, on the law, to reduce the conviction for robbery in the first degree after trial to robbery in the third degree, and remand the matter to Supreme Court for resentencing thereon, and otherwise affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), the evidence was legally insufficient to establish the defendants' guilt of robbery in the first degree beyond a reasonable doubt. An accomplice's testimony that the guns wielded by Diaz and two accomplices were "real" and "loaded", and that two of the weapons were a .25 caliber and a .38 caliber, while sufficient to prove that guns used were loaded, did not establish that the guns used were operable (Penal Law § 160.15 [2]; § 10.00 [12]; *People v Amato,* 99 AD2d 495). Nor do any other facts in the record support the inference that the guns used were operable.

Defendant Diaz's argument that the court's instructions concerning punishment precluded the jury from properly assessing the credibility of the accomplice testimony is, for the most part, unpreserved (CPL 470.05 [2]). In any case, the charge, as a whole, properly conveyed the principles of law regarding the assessment of accomplice testimony. While the jury was properly instructed not to speculate concerning matters of punishment with respect to defendants or "anyone else who may be mentioned in this case," the court's specific instructions regarding the assessment of accomplice testimony made it quite clear that the jurors could consider whether an accomplice was expecting a lower sentence in exchange for his testimony *(see, People v Jackson,* 74 NY2d 787, 790).

Defendant Garrastequi's argument that the court improperly admitted the transcript of accomplice Rivera's prior plea allocution as a prior inconsistent statement pursuant to CPL 60.35 is unpreserved since the defense never raised the argument now advanced that Rivera's trial testimony did not tend to disprove or affirmatively damage the People's case (CPL 470.05 [2]). In any case, the plea testimony was properly admitted as a prior inconsistent statement because Rivera's testimony that he did not know the defendants tended to disprove the People's argument that eight men, including Rivera and Garrastequi, had robbed the complainant's store *(People v Fitzpatrick,* 40 NY2d 44). Furthermore, there is no merit to Garrastequi's argument that the Trial Judge became an unsworn witness and displayed an improper bias when he stated, in response to a defense objection to the repeated rereading of Rivera's plea allocution, that his credibility was at stake here. Insofar as the jury may have construed this comment as demonstrating the court's bias, such error was cured by the court's subsequent instructions.

Defendant Garrastequi's argument that he was deprived of a fair trial because the court permitted the prosecutor to introduce prejudicial hearsay and evidence regarding his gang membership, his prior robbery of the complainant's store and his threat to the complainant's daughter is, for the most part, unpreserved (CPL 470.05 [2]), and in any case, without merit. First, since the alleged hearsay evidence elicited from Detective Brosnan was not offered for its truth but was brought out to explain matters first brought up on cross-examination, the evidence regarding the specifics of his investigation, including the references to gang membership, did not constitute inadmissible hearsay *(see,* Richardson, Evidence §§ 200, 203, 523 [Prince 10th ed]). Second, Garrastequi's counsel never objected

to the complainant's testimony that Garrastequi threatened his daughter on the ground that the testimony constituted inadmissible hearsay or suggested that Garrastequi was violent and had a guilty state of mind (CPL 470.05 [2]). In any case, in light of the overwhelming evidence of guilt, the complainant's testimony regarding Garrastequi's threats to his daughter was harmless. Finally, Garrastequi raised no objection to the evidence elicited by the prosecutor and codefendant's counsel regarding Garrastequi's participation in a prior robbery of the complainant's store (CPL 470.05 [2]). Although the accomplice's testimony that Garrastequi was in the complainant's store when he committed an earlier robbery was improper, it did not deprive Garrastequi of a fair trial in view of the overwhelming evidence of guilt.

For the most part, defendant Garrastequi's argument that the prosecutor's summation comments deprived him of a fair trial is unpreserved (CPL 470.05 [2]). Although the prosecutor became an unsworn witness when he stated that his examination of the lineup photograph with a magnifying glass revealed that there was no arrow pointing to seat number four, Garrastequi was not thereby deprived of a fair trial.

Finally, defendant Garrastequi's argument that his plea convictions should be vacated because his pleas were involuntary is unpreserved. In any case, Garrastequi explicitly stated that his pleas were not coerced, he admitted the facts underlying the charges to which he pled guilty, and he voluntarily waived his right to appeal the pleas (see, People v Seaberg, 74 NY2d 1; People v Callahan, 80 NY2d 273). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.