■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS TALAMO, Appellant. [621 NYS2d 563] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered November 30, 1993, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal impersonation in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

The record does not support defendant's claim that the parties intended to preclude the introduction of evidence that defendant drove his grandmother's car, when they entered into a stipulation that in return for defendant's withdrawal of his motion for a *Mapp* hearing, the prosecutor would not introduce photographs of the car or its contents at trial.

The testimony of the investigating officer that she learned that defendant drove this vehicle was properly admitted as an admission against interest *(People v Bethea,* 159 AD2d 384, *lv denied* 76 NY2d 785), and also served to connect defendant to the crime *(People v Diaz,* 189 AD2d 574, 575, *lv denied sub nom. People v Garrastequi,* 81 NY2d 885), where the underlying basis for the officer's knowledge was a release which defendant signed in order to retrieve the vehicle from the Westchester police department after it had been stolen on a previous occasion.

Defendant's argument regarding the People's failure to give him notice pursuant to CPL 710.30 (1) (a) prior to using the information contained in the release at trial is unpreserved for review as a matter of law *(People v Vernon,* 209 AD2d 283), and we decline to review it in the interest of justice. If we were to review, we would find that no notice was required since the release was not admitted into evidence, and, in any event, "there was no question of voluntariness" regarding the statement *(People v Greer,* 42 NY2d 170, 178).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.