■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SINGLETON, Appellant. [623 NYS2d 236] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered October 19, 1992, convicting defendant, after a jury trial, of murder in the second degree and endangering the welfare of a child, and sentencing him to concurrent terms of 25 years to life and one year, respectively, unanimously affirmed.

Defendant was convicted of the death of his child, a two-year old baby. During a fight with the mother of the baby, defendant, in a rage, grabbed the baby out of her arms and threw the baby repeatedly against a wall. Medical evidence, corroborating the mother's testimony, indicated that the baby

received several head injuries which resulted in death. Medical evidence also established internal bleeding from liver damage, which corroborated the mother's testimony that the defendant periodically punched the baby in the stomach.

There was no reasonable view of the evidence (CPL 300.50 [1]) that the defendant could have committed manslaughter in the second degree but not depraved indifference murder. Thus, it was not error for the court to decline to submit to the jury the lesser included offense. This was not an incident in which the defendant threw a baby against a wall once; defendant's conduct could only be characterized as depraved and wanton so that the evidence would not have supported a theory of mere recklessness.

Defendant failed to preserve his present challenge to the court's instruction *(People v Jackson,* 76 NY2d 908). Nor did defendant preserve the present constitutional claim *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). Since, the charge as an entirety conveyed the appropriate principles of law *(People v Coleman,* 70 NY2d 817), we decline to review in the interest of justice. Nor has defendant preserved any challenge to introduction of evidence concerning prior beatings by the defendant, either as to the substantive evidence *(People v Garrastequi,* 189. AD2d 574, 575-576, *lv denied* 81 NY2d 885), or to the court's failure to provide a limiting instruction *(People v LaFrance,* 182 AD2d 598, 600, *lv denied* 80 NY2d 905). In any event, the evidence would be admissible under the authority of *People v Steinberg* (170 AD2d 50, 73-74, *affd* 79 NY2d 673).

Defendant's hearsay claim was not preserved by specific objection *(People v Clarke,* 81 NY2d 777) and we decline to review in the interest of justice. Were we to review the claim, we would find, in view of the overwhelming evidence, any error was harmless. Nor has defendant preserved any constitutional *(People v Fleming,* 70 NY2d 947) claim challenging evidence of pre-arrest silence, his untimely motion for a mistrial being inadequate in this regard *(People v Bruen,* 136 AD2d 648, 649). We decline to review this claim in the interest of justice.

We have examined defendant's remaining claims and find them to be meritless. Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.