■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JUNCO, Appellant. [636 NYS2d 928] —Mercure, J. Ap-

peals (1) from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered January 7, 1993, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and assault in the second degree, and (2) by permission, from an order of said court, entered December 16, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the early morning hours of April 23, 1992, a woman defendant had met in a bar acceded to his request for a ride home. During the trip, defendant directed the woman to pull into a deserted parking lot and, after she complied, told her, "This is a rape." A struggle ensued, first in the car and then in the parking lot. Fortunately, by sounding her car horn and screaming, the victim was able to attract the attention of some nearby residents, who called the police and came to her aid, confronting defendant and causing him to flee.

A short distance from the site, defendant was approached by Police Officer Michael Sbuttoni, who had received a radio dispatch concerning the incident. Sbuttoni identified himself and asked defendant if he had heard anyone screaming in the area. Defendant responded that he had not and that he was walking home. Because defendant seemed nervous and appeared dirty and disheveled, Sbuttoni asked him for identification and subsequently gave him the *Miranda* warnings. In the meantime, Police Detective Richard Ellison, who had traveled to the crime scene and interviewed the witnesses, brought two of them to Sbuttoni's location. Immediately upon coming into view of defendant, the witnesses began pointing at him and yelling, "That's the guy." Defendant was then handcuffed and transported to the crime scene. When he was taken out of the police car, the victim immediately identified him as her attacker, pointing to a red star with a blue border tattooed on defendant's face.

Defendant was indicted for attempted rape in the first degree and assault in the second degree. After unsuccessful motions to suppress evidence resulting from Sbuttoni's detention of defendant and the showup identification of defendant by the victim and the two witnesses, the matter proceeded to trial. The jury found defendant guilty of both charges, and he was sentenced as a second felony offender to an aggregate prison term of $7^{1}/_{2}$ to 15 years. Defendant now appeals.

We affirm. First, we reject the contention that County Court erred in its denial of defendant's suppression motions. Sbuttoni's street encounter with defendant amounted to nothing more than a request for information, the least intrusive of the

recognized levels of police interference (*see, People v De Bour*, 40 NY2d 210, 223), which need be supported by nothing more than "an objective, credible reason, not necessarily indicative of criminality" (*People v Hollman*, 79 NY2d 181, 184). We agree with the People that, notwithstanding Sbuttoni's administration of *Miranda* warnings, the encounter never proceeded to the level of a common-law inquiry. Nor are we persuaded that the showup identifications were unnecessarily suggestive or that the exhibition of defendant to the victim in handcuffs created a substantial likelihood of misidentification. Both showups were conducted in sufficiently close geographic and temporal proximity to the crime scene to establish reliability (*see, People v Duuvon*, 77 NY2d 541; *People v Miles*, 203 AD2d 620, *lv denied* 84 NY2d 909, 85 NY2d 912) and, given the exigencies of the situation and the victim's focus on defendant's distinctive tattoo, we cannot say that the showup was rendered unduly suggestive by defendant's appearance in handcuffs (*see, supra*).

We further conclude that, in view of the violent nature of the crimes, the trauma suffered by the victim and defendant's extensive criminal history, the sentence imposed by County Court was neither harsh nor excessive (*see, People v Tolbert*, 203 AD2d 901, 902, *lv denied* 83 NY2d 972; *People v Durham*, 188 AD2d 404, 405, *lv denied* 81 NY2d 885). We have considered defendant's remaining contentions, including those raised in his *pro se* submissions and on appeal from County Court's denial of his CPL 440.10 motion, and find them lacking in merit or unpreserved for appellate review.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.