■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORDELL ROBINSON, Appellant. [640 NYS2d 496]

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), it was legally sufficient to establish defendant's guilt of the crimes of which he was convicted. Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]). The trial court properly granted the prosecutor's request for a jury charge with respect to the presumption of knowing possession of drugs found in open view in a private room by those in close proximity thereto (*People v Hayes*, 175 AD2d 13, 14, *lv denied* 78 NY2d 1011), and the charge conveyed the appropriate legal principles.

The trial court properly refused to re-open the case after summations had been completed for further cross-examination of a prosecution witness (*see, People v Sorge*, 301 NY 198, 201-202). Defendant's claims with respect to the count's circumstantial evidence charge and certain calculations for CPL 30.30 purposes are unpreserved and without merit. In addition to the time periods challenged by his codefendant, the period between August 10, 1992 and September 10, 1992, challenged by defendant for the first time on appeal, was properly excluded by the trial court as an adjournment after decision on a motion granting a hearing (*People v Green*, 90 AD2d 705).

Defendant's additional contentions, that the court erred in admitting evidence of his flight and in failing to instruct the jury with respect to this evidence, are also unpreserved (CPL 470.05 [2]; *People v Swinson*, 176 AD2d 613, *lv denied* 79 NY2d 864) and without merit (*see, People v Yazum*, 13 NY2d 302). Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.