■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE T. DESHIELDS, Appellant. [806 NYS2d 780]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 9, 2004, upon a verdict convicting defendant of three counts of the crime of robbery in the first degree.

Defendant was indicted on three counts of robbery in the first degree based upon his alleged role in an incident that occurred in March 2003 at a night club in the City of Binghamton, Broome County. Although the club had security staff on the premises, defendant and several other individuals were pulled out of line while waiting to enter a party and hired by the party's promoter to act as additional security. After the party, a dispute developed with the club's owner about compensation for them. Apparently disturbed that they had not been paid, defendant and others allegedly then robbed three club employees at gunpoint. Although defendant gave a statement to police acknowledging that he was at the club and saw the robbery commence, he denied any involvement in the crime. During the course of the investigation, defendant was identified by a victim from a photo array and a lineup as a person who had taken his property. That victim's wallet, as well as property of other victims, were found in the attic of a house where defendant had rented an apartment. Following a jury trial, defendant was found guilty and sentenced, as a second violent felony offender, to three concurrent prison terms of 14 years.

Initially, we are unpersuaded by defendant's argument that the photo array and lineup giving rise to his identification were improperly conducted. It has been established that "unduly suggestive pretrial identification procedures violate due process

and therefore are not admissible to determine the guilt or innocence of an accused" (*People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *see People v Jackson*, 98 NY2d 555, 558-559 [2002]; *People v Colon*, 307 AD2d 378, 379 [2003], *lv denied* 100 NY2d 619 [2003]). Copies of the photo array and the lineup reveal individuals appearing to be of the same ethnicity who are reasonably similar in appearance, with no differences that would draw attention to a particular person (*see generally People v Lee*, 96 NY2d 157, 163 [2001]; *People v Lind*, 20 AD3d 765, 767 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]). While it is true that the lineup resulted not only in defendant's identification, but also the incorrect identification of another person as a member of security at the club, that circumstance goes to the weight afforded this particular evidence. In that regard, we note that defendant's attorney explored these discrepancies during cross-examination of the victims at the trial (*see People v Jones*, 154 AD2d 396, 397 [1989], *lv denied* 74 NY2d 949 [1989]; *cf. People v Thompson*, 69 NY2d 661, 662-663 [1986]).

Next, we address defendant's assertion that a *Brady* violation occurred with regard to a confidential informant. It appears that defendant is arguing that the informant's name was not supplied until trial in violation of *Brady*. However, at the suppression hearing held over a month before trial, a police investigator not only testified that a confidential informant told him that defendant had been involved in the robbery, but also revealed, among other things, the name of the informant. Thus, defendant's argument regarding the identification of the informant is not persuasive. Furthermore, while it is not clear whether defendant is challenging other aspects of the informant's testimony, to the extent that *Brady* is implicated by defendant's arguments, it does not appear from this record that the issue was preserved for our review (*see People v Griffin*, 129 AD2d 975, 975 [1987], *lv denied* 69 NY2d 1004 [1987]; *see also People v Graham*, 283 AD2d 885, 888 [2001], *lv denied* 96 NY2d 940 [2001]).

Furthermore, defendant argues that he did not receive the effective assistance of counsel. " 'So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a defendant's constitutional right to the effective assistance of counsel will have been met" (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Ber-*

*roa,* 99 NY2d 134, 138 [2002]). Here, defense counsel made appropriate pretrial motions, vigorously cross-examined witnesses, interjected well-founded objections and otherwise zealously advocated for defendant. Accordingly, we find no basis for reversal on the ground of ineffective assistance of counsel.

Finally, the sentence, which was less than the maximum, was not unduly harsh and we discern no reason to modify it in the interest of justice (*see People v Rockwell,* 18 AD3d 969, 971 [2005], *lv denied* 5 NY3d 768 [2005]). While it may be true that the sentence is greater than the one offered as part of a pretrial plea, there is no evidence of vindictiveness or retribution in its imposition (*see People v Chappelle,* 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]).

The remaining issues raised by defendant have not been preserved and, therefore, will not be addressed.

Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.