The People of the State of New York, Respondent,
against
Akmal Parwez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered July 8, 2015, after a nonjury trial, convicting him of attempted forcible touching, sexual abuse in the third degree and attempted endangering the welfare of a child, and imposing sentence.




Per Curiam.
Judgment of conviction (Erika M. Edwards, J.), rendered July 8, 2015, affirmed.
The court properly denied defendant's motion to preclude, for lack of CPL 710.30 notice, audio recordings of two prearrest telephone conversations between defendant and the complainant. The statements made by defendant during the conversations were outside the scope of CPL 710.30, since they were made to a person, the 15-year old complainant, who is not a public servant (see People v Godbold, 117 AD3d 565 [2014], lv denied 27 NY3d 997 [2016]; People v Semidey, 254 AD2d 57 [1998], lv denied 92 NY2d 985 [1998]). Even assuming that the complainant was acting as an agent of the police when she telephoned defendant (see People v Bradberry, 131 AD3d 800, 802 [2015], lv denied 26 NY3d 1086 [2015]), no notice was required since there was no question of voluntariness regarding the statements (see People v Greer, 42 NY2d 170, 178 [1977]; People v Batista, 277 AD2d 141, 142 [2000], lv denied 96 NY2d 825 [2001]; People v Talamo, 211 AD2d 520 [1995], lv denied 85 NY2d 943 [1995]). Defendant did not object to the introduction of the taped conversations on the ground of lack of voluntariness (see People v Pray, 99 AD2d 915 [1984]; People v Balschweit, 91 AD2d 1127 [1983]), and, in any event, defendant was not under arrest or in custody, but in the comfort of his own home during the telephone conversations at issue, and the complainant did not make a threat that would create a substantial risk that defendant might falsely incriminate himself (see People v Taplin, 1 AD3d 1044, 1045 [2003], lv denied 1 NY3d 635 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 28, 2019