■ THE PEOPLE OF THE STATE OF NEW YORK, Respóndent, v LYNN MARIE RAFTER, Appellant. — Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered February 20, 1981, upon a verdict convicting defendant of the crime of grand larceny in the third degree. Defendant was charged in an indictment with two counts of robbery in the second degree and one count of grand larceny in the third degree. The charge of grand larceny in the third degree was based upon allegations that defendant, acting in concert with another, stole a pocketbook from the person of another. The victim testified that on June 16, 1980 defendant and another took her pocketbook from her while she was walking on a public street. A request by defendant to charge petit larceny as a lesser included offense of grand larceny in the third degree was ultimately denied by the court and defendant was thereafter convicted of the crime of grand larceny in the third degree, a class E felony. She was sentenced to an indeterminate term of imprisonment with a maximum term of four years and a minimum term of one year and four months. This appeal ensued. Initially, defendant contends that the court erred in refusing to charge petit larceny as a lesser included offense of grand larceny in the third degree. In order to charge a crime as a lesser included offense, not only must the crime meet the statutory definition of a " 'Lesser included offense' " (see CPL 1.20, subd 37), but there must be a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but did not commit the greater (CPL 300.50; *People v Johnson,* 39 NY2d 364, 367). When a person steals property, he is guilty of petit larceny (Penal Law, § 155.25). The charge of grand larceny in the third degree in the present case involved the stealing of property from the person of another (Penal Law, § 155.30, subd 5). Due to the fact that there was some question as to how the victim was holding the pocketbook when it was stolen, defendant argues that there is a reasonable view of the evidence which would support a finding that although the pocketbook was stolen it was not taken from the person of another. We disagree. Whether the victim had the shoulder strap of the pocketbook over her shoulder, held it loose in her hand or had it propped under her arm, there is an absence of any evidence to support a finding that the pocketbook was not taken from the person of the victim. Consequently, the court properly refused to charge petit larceny as a lesser included offense of grand larceny in the third degree (see *People v Salters,* 75 AD2d 901). Defendant also urges that the court improperly imposed a minimum term of imprisonment in contravention of the law as it existed at the time the crime for which defendant was convicted occurred. The crime for which defendant was convicted occurred in June, 1980. Section 70.00 (subd 3, par [c]) of the Penal Law in effect at that time required that the minimum period of imprisonment be fixed by the State Board of Parole. The court, however, apparently imposed a minimum term in reliance upon an amendment to section 70.00 (subd 3, par [b]) which became effective September 1, 1980 and which required the court to set the minimum period of imprisonment (L 1980, ch 873, § 1). We are of the opinion that defendant was entitled to be sentenced under the provisions of the law in effect when the crime was committed (see *People v Oliver,* 1 NY2d 152, 158; *People v Lynch,* 85 AD2d 126; *People v Thompson,* 55 AD2d 528). Accordingly, the sentence should be modified so as to omit the imposition of a minimum term of imprisonment. Judgment modified, on the law, so as to omit the minimum term of one year and four months imposed upon defendant, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.