THIRD DEPARTMENT, JUNE, 1993

(June 3, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNIE E. DIXON, Appellant. [598 NYS2d 597] —Weiss, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered February 2, 1990, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

On August 26, 1989, Raymond Cook, a department store employee at Arnot Mall in the Town of Big Flats, Chemung County, was sitting in the mall on a break when he noticed a shop-lifting situation developing. Cook saw two women (Danita Freeman and Sallie Wynn) place clothing in shopping bags from a different store and hand the bags to their two male companions (defendant and Amos Woodrum). Defendant and Woodrum then left the area and Cook attempted to follow them. When Freeman and Wynn alerted the men that they were being followed, they fled into another store where they discarded the stolen property. They were eventually apprehended and defendant was indicted and tried. A jury convicted defendant of grand larceny in the fourth degree. On appeal

defendant contends that the evidence against him was legally insufficient and, even if found to be technically sufficient, the verdict was against the weight of the evidence. We disagree and affirm.

Arguing that grand larceny in the fourth degree requires that the value of property stolen exceed $1,000, defendant focuses on the stolen property discovered in the trunk of the vehicle owned by Danita Freeman* and contends that there was no evidence connecting him to that property. The merit of this argument, or lack thereof, is irrelevant in light of the People's proof that the value of the goods found in the shopping bags handed to defendant and Woodrum in this particular theft exceeded $1,000, thus making him guilty of grand larceny in the fourth degree without considering the stolen goods found in the car. Accordingly, as a matter of law, the evidence of value of the stolen property in the shopping bags was sufficient to support defendant's conviction. Defendant also contends that the verdict is against the weight of the evidence, again focusing solely upon the goods found in the car. Our review of the record shows that the elements of the crime were proven by legally sufficient evidence and that the evidence supporting the guilty verdict is both convincing and credible *(see, People v Bleakley,* 69 NY2d 490). Accordingly, the judgment should be affirmed.

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.

---

* Additional stolen goods were discovered in the vehicle driven to the shopping mall by the four persons for the express purpose of shoplifting. The record indicates that such property had been stolen from the same store prior to the observed incident and that defendant had participated as a lookout.