(July 22, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HOUGH, Appellant. [695 NYS2d 163] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered March 27, 1998, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and robbery in the first degree (two counts).

On May 19, 1997, Raymond Santapree was working in his dry cleaning store in the City of Albany when a man entered, approached the counter and repeatedly asked for money. Santapree observed that the man possessed a folded knife and appeared to be under the influence of drugs or alcohol. When Santapree turned around to retrieve an item that had been left for cleaning, the individual attacked him, demanded his money and stabbed him twice, eventually fleeing with approximately $300 in cash. The next day Santapree was shown a photo array and immediately identified defendant as the perpetrator. Convicted after a jury trial of attempted murder in the second degree and two counts of robbery in the first degree, defendant was sentenced as a second felony offender to concurrent prison terms of 25 years on the attempted murder conviction and 10 years on each robbery conviction.

Defendant first argues that County Court erred in refusing to suppress Santapree's in-court identification testimony as tainted by an unduly suggestive photographic array. We disagree. Based upon information suggesting that defendant was the perpetrator, Albany Police Detective James Galante assembled the photo array eventually shown to Santapree. Beginning with defendant's photograph, he selected photographs of five other individuals of similar age and characteristics, including hairstyle. The array was displayed to Santapree, who selected defendant's photograph and identified him as the assailant within seconds. Neither the manner in which the identification procedure was conducted nor the composition of the array itself created a substantial risk of irreparable misidentification (see, Neil v Biggers, 409 US 188; People v Adams, 53 NY2d 241, 249). Having examined the photo array, we are

particularly unpersuaded by defendant's claim that, in relation to the other subjects, his hairstyle was "outlandish and ostentatious" such that his photograph stood out rendering the array suggestive. In short, we are in full accord with County Court's determination following a *Wade* hearing that the People satisfied their burden of establishing the propriety of the police conduct and the absence of suggestiveness in the photo array, and that defendant, in turn, failed to demonstrate any undue suggestiveness in the procedure (*see, People v Douglas,* 238 AD2d 733, 734, *lv denied* 90 NY2d 892).

We next address defendant's arguments concerning the legal sufficiency and weight of the evidence. In addition to Santapree's testimony describing the crimes and identifying defendant as the perpetrator, other trial evidence incriminated defendant. City of Albany Firefighter William Perry testified that at approximately 5:30 P.M., while outside the fire station a short distance away, he observed defendant "panhandling" in front of the cleaners and peering into the window. Gloria Johnson, one of Santapree's customers, testified that when she entered the store at approximately 5:25 P.M., she found the counter uncharacteristically unattended. Upon calling out to the back of the store, she was instructed by a voice of someone other than Santapree to return later. When she returned 35 minutes later, she observed defendant walking nearby. He motioned for her to leave the area. Instead, Johnson entered the store and found Santapree bleeding and semiconscious, stating that he had been robbed. Albany Police Detective Jeffrey Connery testified that while he was outside the cleaners during the investigation, defendant, apparently intoxicated, walked toward him and stated, "I see you gentlemen have things in hand." Noticing that defendant resembled the description of the suspect, Connery asked for his name, to which defendant responded, "Why? I didn't rob anything."

When we view the totality of this evidence, together with its permissible inferences, in a light most favorable to the People, we conclude that a rational trier of fact could have found that the essential elements of the crimes were proven beyond a reasonable doubt (*see, People v Cabey,* 85 NY2d 417, 420), and the evidence was therefore legally sufficient. Upon the exercise of our factual review power, wherein we view the evidence in a neutral light but with due deference to the jury's resolution of credibility issues, after assessing the relative probative force of conflicting testimony and permissible inferences, we cannot say that the jury's verdict was contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant's remaining arguments have been reviewed and rejected as unpersuasive.

Peters, J. P., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.