■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JACKSON, Appellant. [725 NYS2d 406] —Peters, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered March 31, 2000, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fifth degree, unauthorized use of a motor vehicle in the third degree and petit larceny.

In September 1999, defendant resided in the City of Ithaca, Tompkins County, with his half-brother, Larry Harden. During the week of September 24, 1999, four residential burglaries were perpetrated within one-half mile of their apartment and a 1999 Jeep Wrangler was stolen. In each burglary, the household was inhabited by college students, there was no forced entry and stolen property always included either a computer or stereo equipment. One victim, Jennifer Yanecek, was asleep in her bedroom when her apartment was entered. The intruder opened Yanecek's bedroom door and peered in while she lay in bed. As she viewed him, he quickly proffered an excuse for his entry. After he left the premises, Yanecek summoned the police. Based upon her description, Michael Gray, an investigator with the Ithaca Police Department, put together a photo array from which Yanecek was unsuccessful in identifying the individual who entered her apartment.

Based upon an anonymous tip that defendant was in possession of the stolen Jeep, he was stopped by the police the following day. Upon his arrest, he contended that he bought the vehicle, only to later claim that he had borrowed it and paid someone $50 for its use; defendant was unable to remember the name of the man he borrowed it from and had no documentation to support his representations. Gray, learning of defendant's arrest for possession of the stolen Jeep and mindful of the proximity of his home to the burglaries, put together a new photo array for Yanecek which included a picture of defendant. This second photo array, conducted just 24 hours after the first, contained six photographs—one of defendant, two of individuals that had been presented to Yanecek in the first

array and three photos of new individuals. Yanecek promptly identified defendant as the man who entered her home. The police thereafter obtained a search warrant for defendant's residence and therein discovered proceeds from each of the burglaries in every room of the apartment, along with items removed from the stolen vehicle.

Defendant was indicted for criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, burglary in the second degree (four counts), petit larceny (four counts), and criminal possession of stolen property in the fifth degree. Subsequent to a *Wade* hearing, County Court denied defendant's motion to suppress Yanecek's identification and the matter went to trial. The jury heard the testimony of numerous victims of the crimes as well as the law enforcement officers involved in the criminal investigations. Defendant did not testify and Harden was not called as a witness. Prior to charging the jury, the court dismissed three of the burglary counts and three of the petit larceny counts. The jury found defendant guilty of all remaining counts. Defendant appeals, challenging County Court's charge to the jury, its admission of identification evidence and its response to a request by the jury. He further asserts that the verdict concerning unauthorized use of a motor vehicle and criminal possession of the stolen Jeep was based upon legally insufficient evidence. Finally, he poses challenges to the People's summation.

Addressing the varied challenges to County Court's charge to the jury, it is settled that no particular wording must be utilized, only that the charge, as a whole, must correctly convey proper standards for the jury to apply (*see, People v Gutkaiss*, 206 AD2d 628, *lv denied* 84 NY2d 936). Even when explaining the concept of reasonable doubt, no particular wording has been mandated (*see, People v Matthews*, 221 AD2d 802, 803, *lv denied* 88 NY2d 850). Here, the court charged the jury that in order to convict, it must find proof which leaves it "firmly convinced" of defendant's guilt. Contrary to defendant's assertions, such language has not been found to have diminished the jury's obligation to find guilt beyond a reasonable doubt (*see, id.*, at 803).

Equally unavailing is defendant's challenge to County Court's circumstantial evidence charge by its failure to include the words "moral certainty" (*see, People v Ford*, 66 NY2d 428, 442; *People v Sanchez*, 61 NY2d 1022, 1024). As the jury was instructed that in order to convict on the petit larceny and criminal possession charge it must find that the inference of

guilt was the only inference that could fairly and reasonably be drawn from the facts and that the evidence presented to it excluded "beyond a reasonable doubt every reasonable hypothesis of innocence" (*see, People v Ford, supra,* at 442; *People v Sanchez, supra,* at 1024), we can find no error.

Moreover, contrary to defendant's assertion, the record reveals that County Court provided the jury with an expanded identification charge despite the fact that identification testimony was not the only evidence connecting this defendant to the crimes charged (*see, People v Whalen,* 59 NY2d 273; *People v Jackson,* 169 AD2d 887, *lv denied* 77 NY2d 996). Upon our scrutiny of the balance of the court's charge, we find no merit to any of defendant's remaining ascriptions of error.

Turning to the allegations that the photo array was unduly suggestive, it has been clarified that "[a] photographic array is suggestive when some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection" (*People v Brown,* 169 AD2d 934, 935, *lv denied* 77 NY2d 958). Our examination of the photo array from which Yanecek chose defendant reveals no hint of inappropriate suggestiveness. The individuals photographed are dressed similarly and their skin color is relatively consistent; it need not contain pictures of individuals who are "nearly identical in appearance" (*People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). The People sustained their initial burden of demonstrating the reasonableness of police conduct and the lack of undue suggestiveness. We can find no error in County Court's refusal to suppress the identification evidence when defendant, who bore the ultimate burden, failed to prove that the procedure challenged was unduly suggestive (*see, id.*).

Finally, defendant challenges the sufficiency and weight of the evidence establishing his knowledge either that the Jeep was stolen or that he did not have consent of the owner to use the vehicle. Viewing the evidence, as we must, in a light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find it legally sufficient to establish his guilt on the charges of criminal possession and unauthorized use of such vehicle (*see, People v Bleakley,* 69 NY2d 490). Moreover, upon the exercise of our factual review power, we do not find the jury verdict to be against the weight of the evidence. "Significantly, defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a jury to draw a permissible inference that defendant knew the property was stolen [citations omitted]" (*People v Landfair,* 191

AD2d 825, 826, *lv denied* 81 NY2d 1015). With the evidence here buttressed by the statutory presumption that a person who operates a vehicle without the consent of the owner is presumed to know that he or she does not have such consent (Penal Law § 165.05 [1]), we find the jury's verdict fully grounded.

To the extent that defendant's challenge to the People's summation was preserved for our review, we conclude that he has failed to demonstrate substantial prejudice arising to a denial of due process (*see, People v Tarantola*, 178 AD2d 768, *lv denied* 79 NY2d 954). Defendant's remaining contentions have been examined and found to be without merit.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.