■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. MCDONALD, Appellant. [760 NYS2d 373] —Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered March 19, 2001, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

Defendant was the subject of an indictment charging him with the crimes of robbery in the third degree and criminal possession of stolen property in the fifth degree based on allegations that he had forcibly robbed the female victim of a purse and a necklace. The victim was thereafter shown a photo array of six individuals from which she immediately identified defendant as the perpetrator. After a *Wade* hearing resulted in the denial of defendant's motion to suppress the victim's identification testimony, he pleaded guilty to the crime of robbery in the third degree and was sentenced to a negotiated prison term of 1 to 3 years. Defendant appeals claiming that the photo array was unduly suggestive.

A photo array will be found to be unduly suggestive and improper if it is so arranged as to "create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US

833 [1990]; *People v Jackson*, 282 AD2d 830, 832 [2001], *lv denied* 96 NY2d 902 [2001]). The initial burden is on the prosecution to establish the absence of undue suggestiveness (*see People v Kirby*, 280 AD2d 775, 777 [2001], *lv denied* 96 NY2d 920 [2001]). Our review in this matter establishes that the procedures used in preparing and submitting the photo array to the victim were reasonable and not unduly suggestive. The six photographs depicted individuals who exhibited physical characteristics and clothing similar to defendant's so that the viewer's attention was not particularly drawn to defendant (*see People v Parker*, 257 AD2d 693, 694 [1999], *lv denied* 93 NY2d 1024 [1999]). The victim nonetheless identified him as the perpetrator without hesitation.

Our own review of the photo array leads us to agree with County Court that the prosecution met its burden of establishing the probity of the array and the defense failed to meet its ensuing burden of establishing that the array was unduly suggestive (*see People v Conway*, 274 AD2d 663, 664 [2000]). There are, accordingly, no grounds upon which to disturb the outcome of the *Wade* hearing and the judgment of conviction is affirmed.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.