■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM YOUSEF, Appellant. [778 NYS2d 326]—

Mercure, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 29, 2001 in Albany County, upon a verdict convicting defendant of the crimes of rape in the third degree and endangering the welfare of a child.

By a three-count indictment, defendant was charged with the

crimes of rape in the first degree, rape in the third degree and endangering the welfare of a child. The charges arose from defendant's alleged rape of a 14-year-old girl at the Red Carpet Inn in the City of Albany. Following a jury trial, defendant was convicted of rape in the third degree and endangering the welfare of a child and sentenced to concurrent prison terms aggregating 1⅓ to 4 years. Defendant appeals and we now affirm.

We reject defendant's principal argument that the pretrial identification procedure was unduly suggestive. Prior to showing the victim a photo array in which defendant was the only clean-shaven individual, Detective Gary Schultz read the victim preprinted instructions indicating, among other things, that she should be aware that facial hair could be changed. A photo array is unduly suggestive if " 'some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection' " (*People v Jackson*, 282 AD2d 830, 832 [2001], *lv denied* 96 NY2d 902 [2001], quoting *People v Brown*, 169 AD2d 934, 935 [1991], *lv denied* 77 NY2d 958 [1991]). Our review of the photo array reveals that the individuals depicted appeared to be approximately the same age, had similar hair lengths and skin tones, and all wore glasses. Moreover, Schultz's testimony at the *Wade* hearing indicated that the six photographs bore no markings other than the numbers one through six and the victim identified defendant without hesitation. Inasmuch as "[t]here is no requirement . . . that a defendant in a lineup be surrounded by people nearly identical in appearance" (*People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]), we conclude that the People sustained their initial burden of demonstrating the reasonableness of the police conduct and the absence of undue suggestiveness. Defendant, in response, failed to meet his burden "to establish that the procedure was unduly suggestive" (*People v Parker*, 257 AD2d 693, 694 [1999], *lv denied* 93 NY2d 1024 [1999]). Thus, Supreme Court properly refused to suppress the identification evidence (*see People v Jackson, supra* at 832; *People v Parker, supra* at 694).

We have considered defendant's remaining arguments and conclude that they are meritless.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.