■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JALONE DANTE DAVIS, Appellant. [795 NYS2d 785]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 13, 2001 in Albany County, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

In August 2000, defendant allegedly approached the victim on a street in the City of Albany and shot him once in the head in

retaliation for the earlier gang-related slaying of a friend of defendant. The victim died from the gunshot wound and the investigation of his death eventually led detectives to question defendant in October 2000. Although defendant initially denied involvement, during the course of the two to three-hour interrogation, he admitted that he shot the victim, and he signed a typed confession. Defendant was indicted for murder in the second degree and criminal possession of a weapon in the second degree. Defendant testified at the trial, denying his involvement and claiming that his confession was coerced. The jury found him guilty of the charged crimes and he was sentenced to concurrent prison terms of 25 years to life for murder and 15 years for criminal possession of a weapon. Defendant appeals.

We turn first to defendant's contention that his confession was involuntary and should have thus been suppressed. Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances (*see People v Anderson,* 42 NY2d 35, 38-39 [1977]; *People v Ruger,* 279 AD2d 795, 795 [2001], *lv denied* 96 NY2d 806 [2001]). The credibility assessments of the suppression court in making that determination are entitled deference (*see People v Meissler,* 305 AD2d 724, 725 [2003], *lv denied* 100 NY2d 644 [2003]; *People v Ruger, supra* at 795). Here, a combined *Huntley/Wade* hearing was held and the only witness who testified was Albany detective Kenneth Kennedy. Kennedy testified that prior to interviewing defendant, he provided him with *Miranda* warnings and defendant elected to proceed with the questioning. Kennedy stated that neither he nor any other detective involved in the interrogation made any threats toward defendant. He related that defendant initially denied involvement, but, when confronted with some of the evidence that police had obtained, defendant confessed. Defendant read the confession typed by Kennedy, made an addition to the statement, and then signed it. Supreme Court found Kennedy to be a credible witness and we discern no reason to reject this finding. Kennedy's testimony supports the determination that defendant's confession was voluntary. Defendant's further argument that his confession was the product of an arrest made without probable cause was not raised before the suppression court and is, therefore, unpreserved for review (*see People v Barton,* 13 AD3d 721, 723 [2004]; *People v Purcelle,* 282 AD2d 824, 824-825 [2001]). In any event, the record reveals that police had gathered ample evidence to establish probable cause by the time defendant was arrested.

We find no merit to the contention that the photographs and procedure used by police to have witnesses identify defendant

were unduly suggestive. "A photo array is unduly suggestive if some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection" (*People v Yousef,* 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004] [internal quotation marks and citations omitted]). The eight black and white photographs all depicted young males with similar skin tone and facial hair. Nothing in the photograph of defendant impermissibly draws attention to him. Nor was there any showing that the procedure used by the police in displaying the photographs to the witnesses was improper.

Next, we consider defendant's argument that a *Rosario* violation by the prosecution requires reversal of his conviction. The People do not contest that a *Rosario* violation occurred, but they contend that Supreme Court's adverse inference instruction to the jury was an adequate and appropriate sanction. When a statement of a witness is lost by the People, the trial court must, in the exercise of its discretion, fashion an appropriate sanction (*see People v Banch,* 80 NY2d 610, 616 [1992]; *People v La Mountain,* 249 AD2d 584, 585 [1998], *lv denied* 92 NY2d 855 [1998]). "The sanction to be imposed is 'depend[ent] upon the degree of prosecutorial fault and the resulting prejudice to the defendant' " (*People v Munroe,* 307 AD2d 588, 590 [2003], *lv denied* 100 NY2d 644 [2003], quoting *People v Banch, supra* at 616).

During the investigation of the crime, Kennedy interviewed and obtained a written statement from a 15-year-old who stated that he had seen defendant carrying a handgun and running from the area of the shooting shortly after it occurred. Kennedy acknowledged at a *Rosario* hearing conducted by Supreme Court that he lost the written statement. He explained that the teenage witness lived in the neighborhood where the killing occurred and the witness was concerned about his safety if his cooperation with police became known. Kennedy thus placed the statement in a sealed envelope in his desk drawer and, in violation of normal police procedure, did not put a copy in the central file. Thereafter, Kennedy was out of work for several months following back surgery and, when he returned, his desk had been cleaned and the statement was missing. Despite continued searches up to the date of trial, Kennedy was unable to locate the statement. At trial, the teenage witness testified and was cross-examined. Supreme Court instructed the jury after Kennedy's trial testimony that it could draw an adverse inference against the People for their failure to produce the prior written statement that Kennedy had lost, and the jury could

infer that the statement would not support and may even contradict the testimony of the teenage witness. The adverse inference instruction was repeated in the court's final charge to the jury. Under the circumstances of this case, we find that the adverse inference charge given by the court was a sufficient sanction (*see People v Smith,* 266 AD2d 639, 640 [1999], *lv denied* 94 NY2d 907 [2000]).

Defendant argues that the verdict was not supported by legally sufficient evidence and it was against the weight of the evidence. Applying the well-established criteria for analyzing these issues (*see People v Bleakley,* 69 NY2d 490, 495 [1987]), we find no merit in this argument. Evidence of defendant's guilt included, among other things, his confession, testimony from one of his acquaintances that he admitted to her that he shot the victim, and testimony of witnesses placing him in close proximity to the scene when the crime occurred. This evidence was legally sufficient and, although defendant denied involvement in the crime when he testified, there is no reason to set aside the jury's assessment of credibility and its resolution of the conflicting evidence.

We are unpersuaded by defendant's assertion that he was entitled to a missing witness charge regarding Kiemar Tarver, who the People stated in their opening was an eyewitness to the shooting. Tarver appeared at trial with counsel and informed Supreme Court that he would invoke his 5th Amendment privilege if called to testify. This resulted in him being an "unavailable" witness (*see People v Savinon,* 100 NY2d 192, 198 [2003]) and, thus, the court correctly did not give a missing witness charge (*see id.*; *People v Alston,* 1 AD3d 627, 629 [2003], *lv denied* 1 NY3d 594 [2004]). We note that the court found that the People did not know in advance that Tarver would invoke this privilege, it instructed the jury to consider only evidence admitted in the trial and defense counsel was permitted to argue in summation that no eyewitnesses were produced.

Defendant contends that the sentence was harsh and excessive. In light of the nature of the crimes and defendant's lengthy criminal record, we discern no reason to disturb the sentence imposed by Supreme Court (*see People v King,* 293 AD2d 815, 817-818 [2002], *lv denied* 98 NY2d 698 [2002]). The remaining arguments have been considered and found either unpreserved or unpersuasive.

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.