■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE J. HAIGHT, Appellant. [796 NYS2d 426]—

Peters, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered October 17, 2003, upon a verdict convicting defendant of two counts of the crime of burglary in the second degree.

Defendant was indicted for the crimes of burglary in the second degree (two counts) and grand larceny in the fourth degree (two counts). Following combined *Wade* and *Huntley* hearings, County Court, among other things, rejected defendant's challenge to the photo array from which he was identified. Following a jury trial, defendant was convicted of the burglary charges but acquitted on the grand larceny charges. He appeals and we affirm.

Testimony at trial, combined with defendant's written confession, established that he entered the home of his landlord, Ronald LaMori, in the City of Amsterdam, Montgomery County, without permission on at least one occasion between December 5 and 10, 2002, and on January 6, 2003. Both times, he gained entry by the removal of a plastic covering of a wall cutout for an air conditioning unit. He then forced open the bedroom door and stole money. Defendant was familiar with the residence because he performed electrical work there and was aware that LaMori would not be home on both occasions.

When investigating the second burglary, the police tracked footprints in the snow leading from LaMori's residence to the home of Joseph Harkins. Along the way, the police found two boxes of money, one containing a number of coins which belonged to LaMori. According to Harkins, he saw a man, whom he later identified as defendant, come from the woods behind his house and climb over his fence. Defendant told Harkins that he was having trouble with his snowmobile, but Harkins noted that he was not attired for snowmobiling. In response to a request from William Gilston, an investigator with the Montgomery County Sheriff's Department, defendant met Gilston at the police station. After being provided with *Miranda* warnings, defendant admitted to committing both burglaries and signed a confession.

On appeal, defendant contends that the evidence is legally insufficient. Viewing the evidence in the light most favorable to the People, we find a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by this jury (*see People v Lynch*, 95 NY2d 243, 247 [2000]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The prosecution clearly proved, prima facie (*see People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]), that defendant knowingly entered a dwelling unlawfully on two separate occasions with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]). Testimony of LaMori and police authorities established the unlawful entry, and evidence concerning missing and displaced money showed that a crime was committed. Moreover, defendant confessed to both crimes. Harkins' identification of him, as the individual who appeared at his residence on the day of the second burglary, provided corroboration since the method of entry was the same on both occasions.

Nor is the verdict against the weight of the evidence. In determining whether the weight of the evidence supports the jury's verdict, we must independently review the evidence and, if a different result would not have been unreasonable, " 'weigh

the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]): Upon conducting such review, we accord deference to the determinations made by the factfinder due to its unique opportunity to view the witnesses, observe demeanor, and hear the testimony (*see People v Bleakley, supra*). The evidence revealed that defendant knew that LaMori would be away from his residence on both occasions when the burglaries took place and that defendant had previously done work in the residence. Moreover, defendant's confession was sufficiently corroborated by the trial evidence and, to the extent that he alleges that it was procured through threats or promises, those allegations were refuted by Gilston's trial testimony.

Turning to defendant's challenge to the photo array, we find no characteristic in the six-picture photo array which would make it stand out to the viewer. Thus, defendant failed to meet his burden to establish that the array was unduly suggestive (*see People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]; *People v Jackson*, 282 AD2d 830, 832 [2001], *lv denied* 96 NY2d 902 [2001]; *People v Brown*, 169 AD2d 934, 935 [1991], *lv denied* 77 NY2d 958 [1991]). Having reviewed and rejected defendant's remaining contentions, we affirm.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.