■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. LIND, Appellant. [798 NYS2d 574]—

Kane, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered July 30, 1998 in Rensselaer County, upon a verdict convicting defendant of two counts of the crime of robbery in the first degree.

Defendant and two accomplices entered a Mr. Subb shop in the City of Troy, Rensselaer County late one night, each armed with a handgun. The sole customer was bound and placed in the shop's bathroom after the robbers unsuccessfully attempted to obtain money from her. The shop's employee emptied the cash register into a bag and gave it to one of the robbers. After

they rifled through her pockets and down the front of her pants, they took $114 and her jewelry. They then bound her, placed her in the bathroom, turned out the shop's lights and fled.

The next morning, police encountered defendant and requested that he accompany them to the police station, as they suspected that he was involved in a robbery that morning. At the station, defendant first gave a statement indicating that he was not involved in any robbery. Later that day, he eventually gave a statement implicating himself in multiple robberies in several counties, including the robbery of the Mr. Subb in Troy. A jury subsequently convicted defendant of two counts of robbery in the first degree, resulting in concurrent prison sentences of 22 years. Defendant appeals.

Supreme Court correctly denied defendant's motion to suppress his statement to the police. Defendant agreed to voluntarily accompany the police to the station. He was not handcuffed and was placed in a marked cruiser with no partition, rather than the prison transport van that the initial officer was driving. At the station, the investigator read defendant his *Miranda* rights, which defendant acknowledged he understood and waived. Although defendant remained at the station for 11 hours, he was not continuously interrogated, breaks were taken regularly, the interview room door was unlocked and left open, he was unrestrained and was left unattended multiple times. Only one investigator interviewed him. He was offered drinks, although the investigator could not remember if food was offered or accepted. Defendant never requested an attorney, a phone call or for the interview to cease. The investigator testified that defendant was free to leave up until he made admissions to the robberies, approximately seven hours after he arrived at the station, though no one specifically told defendant that he could leave. Defendant was apparently familiar with police procedure due to his past experience with the criminal justice system. Viewing the totality of the circumstances, and according great weight to the court's factual and credibility findings, the record supports the court's determination that defendant's statement was voluntary and not the product of coercion (*see People v Hughes*, 280 AD2d 694, 695 [2001], *lv denied* 96 NY2d 801 [2001]; *People v Corey*, 233 AD2d 773, 774 [1996], *lv denied* 89 NY2d 984 [1997]; *People v Gillis*, 220 AD2d 802, 803 [1995], *lv denied* 87 NY2d 921 [1996]). Thus, it was proper to permit admission of a redacted version of that statement into evidence.

The photo array shown to the store employee was not unduly suggestive. Photo arrays are considered unduly suggestive and

improper if they are arranged in a manner which "create[s] a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *see People v McDonald*, 306 AD2d 696, 696 [2003]). While the physical characteristics of all the people included in an array must be similar, "so that the viewer's attention [is] not particularly drawn to defendant" (*People v McDonald, supra* at 697), there is no requirement that a defendant "be surrounded by people nearly identical in appearance" (*People v Chipp, supra* at 336; *see People v Jackson*, 282 AD2d 830, 832 [2001], *lv denied* 96 NY2d 902 [2001]). Here, although some of the photos depicted individuals with slightly darker complexions than defendant, all of the individuals had relatively similar facial hair. Defendant failed to prove undue suggestiveness or that defendant's photo jumped out at the viewer based on the way the array was organized (*see People v Chipp, supra* at 336; *People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]). Thus, Supreme Court properly denied defendant's motion to suppress the employee's identification.

The conviction was not against the weight of the evidence. Differences between the employee's description of defendant to police and her testimony at trial, as well as inconsistencies between her testimony and that of defendant's accomplice, merely presented credibility questions to be resolved by the jury (*see People v Bateman*, 241 AD2d 770, 771 [1997], *lv denied* 91 NY2d 869 [1997]). The accomplice's testimony was sufficiently corroborated by independent evidence in the form of the employee's testimony and defendant's confession regarding his involvement in robbing the Mr. Subb shop (*see* CPL 60.22 [1]; *People v Glasper*, 52 NY2d 970 [1981]; *People v Monday*, 309 AD2d 977, 979 [2003]). The employee testified that defendant entered the shop, displayed a revolver, and demanded that she give him all the money from the cash register. An accomplice held a gun to the customer's head and led the customer into the back of the shop. Defendant tried to get the employee to open the safe, then took money from her pockets and reached down her pants looking for more money. He and his accomplices duct-taped her hands and eyes, removed her jewelry and placed her in the bathroom. The accomplice testified to events in a similar fashion as the employee, although he stated that the other accomplice was the one who approached the counter and dealt with the employee, while defendant aided him in dealing with the customer. The accomplice also testified that defendant hatched the plan to rob the Mr. Subb, supplied the three guns and loaded two of them. Finally, defendant confessed to committing the robbery of

the shop. Considering all the evidence and the reasonable inferences drawn therefrom, and giving due deference to the jury's credibility determinations, the weight of the evidence supports the jury's verdict (*see People v Gage*, 259 AD2d 837, 839-840 [1999], *lvs denied* 93 NY2d 924, 970 [1999]).

Based on defendant's prior criminal history, his role in planning this robbery and providing the weapons, and the dangerous and violent nature of this crime, we do not find the sentence harsh or excessive (*see People v Jones*, 11 AD3d 818 [2004]; *People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.