■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS A. COLON, Appellant. [805 NYS2d 744]—

Peters, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered February 9, 2005, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

Defendant was charged in an indictment with one count of grand larceny in the fourth degree based upon allegations that he stole a pocketbook from the victim at a supermarket in the Town of Amsterdam, Montgomery County. At the conclusion of *Wade* and *Sandoval* hearings, County Court ruled, among other things, that a photo array utilized by the police to identify defendant was not unduly suggestive. It also ruled that the People

would be permitted to inquire into one of defendant's three prior drug convictions, a felony, and one of his three prior misdemeanor convictions, a petit larceny. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to 2 to 4 years in prison. He appeals and we affirm.

By applying the principles that we have repeatedly enunciated, we find no merit to the assertion that the verdict is not supported by sufficient evidence or is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Arnold*, 15 AD3d 783, 785-786 [2005], *lv denied* 4 NY3d 851 [2005]). Testimony of the victim established that she had her hand on her purse, which was resting in the front compartment of her grocery cart, when defendant grabbed it. From these facts, the jury could have reasonably found a sufficient physical nexus between the victim's body and her purse to conclude that the purse was taken from her person (*see People v Sumter*, 173 AD2d 659, 660 [1991], *lv denied* 78 NY2d 975 [1991]; *People v Rafter*, 89 AD2d 673, 673 [1982]).

Evidence further established defendant's identity as the perpetrator. While the victim's description of defendant following the incident differed from his actual appearance, this discrepancy was thoroughly explored on cross-examination; the jury was free to resolve the credibility issue in favor of the victim (*see People v Mills*, 20 AD3d 779, 781 [2005]; *People v Lopez*, 9 AD3d 692, 694 [2004]). Testimony from an acquaintance of defendant who drove the "getaway car" revealed that defendant looked through the victim's purse, took money from it and handed the money to another passenger before throwing it out the window. According due deference to the jury's credibility determinations and viewing this evidence, as well as other testimonial evidence, in a neutral light, we find the verdict is not against the weight of the evidence (*see People v Johnson*, 13 AD3d 811, 813 [2004], *lv denied* 4 NY3d 799 [2005]).

We next reject the assertion that the photo array was unduly suggestive because it depicted defendant alongside five males whose facial hair appeared to be drawn in. Mindful that a photo array will be deemed unduly suggestive if a characteristic of one picture draws the viewer's attention to that photograph in such a way as to indicate that the police have made a particular selection, the facts here made it incumbent upon the police to provide a photo array with individuals who had unusual facial hair similar to defendant (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Davis*, 18 AD3d 1016, 1018 [2005], *lv denied* 5 NY3d 805 [2005]). While there is no

direct evidence that such facial hair was drawn in, this issue was raised at the *Wade* hearing. In our appraisal, we agree that while certain of the photographs could have been better altered, the array, as a whole, was not unduly suggestive. As the People further sustained their initial burden of demonstrating the reasonableness of police conduct, County Court properly refused to suppress the testimony of an eyewitness who was shown this photo array (*see People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]; *People v Hough*, 263 AD2d 761, 761-762 [1999], *lv denied* 93 NY2d 1044 [1999]). Even if there was error, we would have found it harmless in light of the overwhelming proof at trial (*see People v Adams*, 53 NY2d 241, 252 [1981]; *People v Shabazz*, 246 AD2d 831, 832 [1998], *lv denied* 91 NY2d 945 [1998]; *People v Butts*, 154 AD2d 729, 731 [1989], *lv denied* 75 NY2d 867 [1990]).

As to County Court's *Sandoval* ruling, we find it to be proper because it incorporated a balancing of many articulated factors, which included a weighing of the probative value of the evidence sought against the risk of unfair prejudice (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Clarke [Bo]*, 5 AD3d 807, 809 [2004], *lvs denied* 2 NY3d 796, 797 [2004]). Finally, considering defendant's criminal history, the imposition of a 2- to 4-year prison sentence was neither harsh nor excessive.

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.