■ The People of the State of New York, Respondent, v Jose Fernandez, Appellant. [815 NYS2d 358]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 30, 2004, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (two counts) and robbery in the second degree (two counts).

Defendant and three codefendants were charged in an indictment with two counts of robbery in the first degree and two counts of robbery in the second degree. The charges arose from an incident during which defendant and his codefendants lured an acquaintance to the apartment of one of them, and then assaulted and robbed him. Defendant and one codefendant entered pleas of guilty to the entire indictment (*see People v Boyd*, 26 AD3d 534 [2006]); the other codefendants each pleaded guilty to one count of robbery in the second degree. Defendant's negotiated plea included a promise by County Court to sentence him to a determinate term of incarceration within a range of five to eight years, to be followed by three years of postrelease supervision. In accordance with the plea agreement, defendant was sentenced to prison terms of eight years on the two counts of robbery in the first degree and six years on the two counts of robbery in the second degree, to run concurrently and to be followed by three years of postrelease supervision. Defendant did not waive his right to appeal, which he now exercises.

We reject defendant's contention that the photo array shown to the victim was unduly suggestive because defendant's skin tone is lighter than that of the other five people depicted. Our review of the photographs in the array reveals six individuals with substantially similar shades of skin tone, as well as similar hairstyles and other physical characteristics (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Colon*, 24 AD3d 1114, 1115 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Taylor*, 300 AD2d 746, 747-748 [2002], *lv denied*

2 NY3d 746 [2004]). Although defendant's picture is of a different photographic quality than the other photographs, that does not "draw[ ] the viewer's attention to that photograph in such a way as to indicate that the police have made a particular selection" (*People v Colon, supra* at 1115; *People v Davis,* 18 AD3d 1016, 1018 [2005], *lv denied* 5 NY3d 805 [2005]).

We find no merit in defendant's contention that his sentence should be modified because it is harsh and excessive. Although defendant's sentence of incarceration was the lengthiest of the four codefendants, County Court sentenced him within the parameters of his plea bargain, and with the view—supported by the record—that defendant's conduct in the violent incident was substantial and significant. The imposed sentence of eight years is near the minimum authorized term, and substantially less than the 25 years of incarceration to which the charges of robbery in the first degree, a B violent felony, exposed him (Penal Law § 70.02 [1] [a]; [3] [a]). Defendant's efforts to minimize his participation in the incident as well his prior criminal record are unpersuasive. The fact that one of his codefendants received a sentence that is six months shorter than his (*see People v Boyd, supra*) does not, on this record, persuade us that County Court abused its discretion, and we do not perceive extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Purcell,* 8 AD3d 821, 822 [2004]; *People v Roberts,* 301 AD2d 756, 757 [2003]; *People v Irizarry,* 289 AD2d 875, 876 [2001]; *People v Durrence,* 244 AD2d 728, 728-729 [1997], *lv denied* 91 NY2d 925 [1998]).

Mercure, J.P., Crew III, Spain and Kane, JJ. concur. Ordered that the judgment is affirmed.