■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DUNBAR, Appellant. [818 NYS2d 351]—

Peters, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered July 12, 2005, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

Defendant and Lori Graham were charged in a joint indictment with grand larceny in the fourth degree. The charge stemmed from a shoplifting scheme where they stole items, valued in excess of $1,800, from a Walmart store in Columbia

---

County. Following a joint jury trial, both were found guilty. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals.

Applying the established principles regarding challenges to the legal sufficiency and weight of the evidence, we find that defendant's arguments concerning the same are without merit (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Colon*, 24 AD3d 1114, 1115 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Dixon*, 194 AD2d 817, 818 [1993]). Walmart's loss prevention employee and the police officers who responded to the call testified about the value of the items stolen and their observations of the methods utilized by defendant and Graham to secrete these items. From such testimony, the jury could have reasonably inferred defendant's intent (*see People v Miller*, 23 AD3d 699, 700-701 [2005], *lv denied* 6 NY3d 815 [2006]; *People v Stacey*, 173 AD2d 960, 961-962 [1991], *lv denied* 79 NY2d 832 [1991]).

Turning to defendant's challenge to the *Sandoval* determination, County Court ruled that, in the event defendant testified, the People would be permitted to inquire into all of his convictions since 1989 which included several larceny and theft-related crimes. While we agree that County Court could have engaged in a better balancing of the probative value of this information against its prejudicial effect, such determination was not an abuse of discretion (*see People v Walker*, 83 NY2d 455, 459 [1994]; *People v Johnson*, 24 AD3d 803, 805 [2005]; *People v Rockwell*, 18 AD3d 969, 970-971 [2005], *lv denied* 5 NY3d 768 [2005]); any error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Long*, 269 AD2d 694, 696 [2000], *lv denied* 94 NY2d 950 [2000]). Finally, given defendant's lengthy criminal history and the absence of extraordinary circumstances warranting a reduction in his sentence, we decline to disturb it (*see People v Colon, supra* at 1116; *People v Lockhart*, 12 AD3d 842, 845 [2004], *lvs denied* 4 NY3d 800 [2005], 5 NY3d 765 [2005]; *People v Saunders*, 309 AD2d 1063, 1065 [2003]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.