■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD F. DASHNAW, JR., Appellant. [828 NYS2d 697]—

Mugglin, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered June 10, 2004, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of a weapon in the fourth degree.

Defendant's convictions for burglary in the second degree and criminal possession of a weapon in the fourth degree stem from his entry into Amy Rabideau's apartment in the City of Plattsburgh, Clinton County, where he and one of two accomplices used clubs and all three punched, kicked and beat Stephen Bonville, the boyfriend of Kerry Thompson, a subtenant. Defendant appeals, asserting initially that there is insufficient evidence to sustain the burglary in the second degree conviction or, in the alternative, that the burglary conviction is against the weight of the evidence. He also claims that County Court erred by giving inadequate jury instructions mandated by CPL 270.40 and 310.10 (2), and that his trial counsel was ineffective, both because of inadequate preparation—arguing that the court erred in not granting an adjournment—and because counsel failed to renew his motion to dismiss at the end of the case and failed to object to the court striking the testimony given by a defense witness. Finding no argument persuasive, we affirm.

First, both Thompson and Bonville testified that, when defen-

dant knocked on the apartment door, Rabideau asked if they were expecting anyone, which they were not. When defendant identified himself, Rabideau opened the door and asked defendant what he was doing there, at which point defendant burst past Rabideau and immediately attacked Bonville. Defendant then motioned for his accomplices to enter and they joined in the attack. Thompson and Bonville also testified that a woman waited in an automobile and drove defendant and his accomplices from the scene. Viewed in the light most favorable to the People (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Haight*, 19 AD3d 714, 715 [2005], *lv denied* 5 NY3d 806 [2005]), the evidence is legally sufficient to sustain the charge of burglary in the second degree. Moreover, contrary to defendant's argument, we do not perceive Rabideau's testimony to be inconsistent with this evidence. While she testified that defendant would generally be invited to her apartment, it is clear that she was surprised by his arrival and did not invite him in on this occasion. In any event, defendant remained in the apartment after being told to leave by Thompson. Consequently, any privilege he may have had to enter was revoked (*see People v Gaines*, 74 NY2d 358, 362 [1989]; *People v Licata*, 28 NY2d 113, 117 [1971]; *People v Randolph*, 18 AD3d 1013, 1015 [2005]). Thus, viewed in a neutral light (*see People v Bleakley, supra* at 495), and according deference to the jury's credibility determinations (*see People v Haight, supra* at 716), the verdict on the burglary charge is not against the weight of the evidence.

Second, there is no merit to defendant's argument that the provisions of CPL 270.40 must be given verbatim to the jury at the beginning of the trial and at all recesses. This issue was not preserved by appropriate objection (*see* CPL 470.05 [2]; *People v Wright*, 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004]). Moreover, the record reveals that County Court's instructions "adequately conveyed to the jury its function, duties, and conduct" (*People v Payton*, 31 AD3d 580, 581 [2006], *lv denied* 7 NY3d 850 [2006]), and there is no record evidence that recesses occurred while the jury deliberated.

Next, we find no fault with counsel's representation of defendant nor abuse of discretion in County Court's refusal to grant a two-week adjournment of the trial. Although counsel's father was originally assigned to represent defendant, both counsel and the court knew for some time prior to trial that the father's health would prevent him from trying the case. Moreover, counsel had appeared with defendant at a pretrial conference in January 2004 where a plea offer was rejected and a trial date of April 5, 2004 was assigned. Thus, adequate preparation time

existed and the court did not abuse its discretion in denying the adjournment (*see People v Spears*, 64 NY2d 698, 699 [1984]; *People v Seavey*, 305 AD2d 937, 939 [2003], *lv denied* 100 NY2d 620 [2003]), and no evidence exists that the defense was prejudiced (*see People v Reynolds*, 133 AD2d 499, 501 [1987], *lv denied* 70 NY2d 803 [1987]).

Lastly, defendant argues that defense counsel should have objected when County Court struck the testimony of one of his accomplices. Defendant called this accomplice as a witness and it soon was apparent that his testimony was at variance with his prior sworn plea colloquy. After consulting his counsel, the accomplice refused to further testify, asserting his Fifth Amendment privilege. As the People could not cross-examine the witness, his testimony was stricken. Because no basis to object existed, counsel was not ineffective for failing to do so. In addition, counsel's failure to renew his motion to dismiss the burglary charge at the end of the trial did not constitute ineffective assistance, as failure to " 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]) is not ineffective. In sum, counsel pursued appropriate defense theories, vigorously cross-examined the People's witnesses, made appropriate motions and succeeded in obtaining dismissal of the assault in the second degree charge at the close of the People's case, thus providing defendant with meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Miller*, 11 AD3d 729, 730 [2004]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.