■ The People of the State of New York, Respondent, v Michael Therrien, Appellant. [909 NYS2d 682]—

Spain, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 28, 2010,

which revoked defendant's probation and imposed a sentence of imprisonment.

In 2004, defendant was convicted of sexual abuse in the first degree and sentenced to six months in jail followed by 10 years of probation. In 2009, defendant admitted violating certain conditions of his probation and it was revoked. Consequently, on August 14, 2009, defendant was resentenced to $1^{1}/_{2}$ to $4^{1}/_{2}$ years in prison. Defendant filed a notice of appeal one week later. Due to an error in sentencing, however, on January 28, 2010, defendant was resentenced again to a $2^{1}/_{2}$-year prison term followed by four years of postrelease supervision. Here, defendant's lone contention is that the four-year period of postrelease supervision imposed upon his resentencing is illegal because, in 2003 when he committed the acts leading to his conviction, the maximum period of postrelease supervision for a class D violent felony was three years (*see* Penal Law § 70.02 [1] [c]; § 70.45 [former (2)]; § 130.65). The People agree with defendant's contention.

We note preliminarily that defendant failed to file a notice of appeal from the resentencing that occurred on January 28, 2010. Nevertheless, we will exercise our discretion and entertain the appeal on the basis of defendant's August 2009 notice of appeal, which, albeit premature with respect to the latter resentencing, we consider valid (*see* CPL 460.10 [6]; *People v Lerario*, 50 AD3d 1396, 1396 [2008], *lv denied* 10 NY3d 961 [2008]; *People v Hamilton*, 139 AD2d 764, 764 [1988], *lv denied* 73 NY2d 892 [1989]; *People v Popolo*, 31 AD2d 761, 761 [1969]). Turning to the merits, "defendant was entitled to be sentenced under the provisions of the law in effect when the crime was committed" (*People v Rafter*, 89 AD2d 673 [1982]; *see People v Oliver*, 1 NY2d 152, 158 [1956]; *People v Lynch*, 85 AD2d 126, 132 [1982]; *People v Thompson*, 55 AD2d 528, 529 [1976]). As the applicable maximum period of postrelease supervision was indeed three years at that time (*see* Penal Law § 70.45 [former (2)]; L 1998, ch 1, § 15), the matter must be remitted to County Court for resentencing.

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.