Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: October 27, 2016                    107252
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

        v                                    MEMORANDUM AND ORDER

THOMAS MOULD,
                          Appellant.
_____

Calendar Date:   September 8, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____

        Theresa M. Suozzi, Saratoga Springs, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Gordon W.
Eddy of counsel), for respondent.

                    _____

Aarons, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered August 16, 2012, upon a verdict
convicting defendant of the crime of attempted kidnapping in the
second degree.

        Defendant was charged in a multi-count indictment stemming
from a late-night incident where he pushed the victim in her car,
choked her and demanded a ride.  After a jury trial, defendant
was found guilty of attempted kidnapping in the second degree and
was subsequently sentenced, as a second felony offender, to a 10-
year prison term, to be followed by five years of postrelease
supervision.  Defendant appeals.  We affirm.

Defendant first contends that there was legally insufficient evidence to support the conviction regarding the element of intent because of his highly intoxicated condition on the night in question. Defendant, however, did not premise his dismissal motion made at the close of the People's proof on this specific ground and, therefore, this argument is not preserved for review (see People v Greenfield, 112 AD3d 1226, 1226 [2013], lv denied 23 NY3d 1037 [2014]; People v Lucas, 25 AD3d 822, 823 [2006], lv denied 6 NY3d 815 [2006]). We nevertheless review the evidence adduced as to each element of the crime for which defendant was convicted in light of defendant's further contention that the verdict was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]; People v McRobbie, 97 AD3d 970, 971 [2012], lv denied 20 NY3d 934 [2012]). Where, as here, a contrary result would not have been unreasonable, we "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]).

At trial, the victim testified that she stopped at a gas station and went inside to prepay for the gas. While the victim was inside, the surveillance video depicted defendant trying to enter her vehicle but could not do so because the door was locked. When the victim returned to her car, defendant approached her and asked for the time. The victim sat in the driver's seat and looked at the clock in the car. When she turned back to defendant to tell him the time, she noticed that defendant had a cell phone and found it odd that defendant would be asking for the time. The victim nonetheless told defendant the time. As the victim began to close her car door, while she was still seated in the driver's seat, defendant pushed her in the car, put his hands around her neck and began choking her. Defendant also demanded a ride and threatened to kill her. A struggle in the car ensued with the victim screaming for help. Realizing that no one could hear her, the victim eventually stopped screaming and tried to calm defendant down. The victim told defendant that there were cameras watching and that she would not call the police if he let her go. Defendant and the victim subsequently stopped fighting and defendant exited the

car.  After reporting the incident to the police, defendant was spotted approximately half a mile away from the gas station and arrested.  Based on the foregoing and viewing the evidence in a neutral light, we conclude that the weight of the evidence amply supports the jury's verdict (see People v Dolan, 51 AD3d 1337, 1338-1339 [2008], lv denied 12 NY3d 757 [2009]; People v Heath, 49 AD3d 970, 972 [2008], lv denied 10 NY3d 959 [2008]).

Regarding defendant's contention that he was highly intoxicated during the incident, "whether an individual's level of intoxication negates the element of intent to commit a crime lies within the domain of the jury as the trier of fact" (People v Kenyon, 108 AD3d 933, 939 [2013] [internal quotation marks, brackets and citations omitted], lv denied 21 NY3d 1075 [2013]).  To that end, the officer who arrested defendant testified that while he smelled alcohol on defendant's breath, his speech was not slurred nor did he appear to be uncoordinated.  Coupled with the jury's observation of defendant in the surveillance video, the jury was free to determine whether the extent of defendant's intoxication negated the element of intent and, by its verdict, it obviously rejected defendant's claim on this issue (see People v Rolfe, 83 AD3d 1217, 1218 [2011], lv denied 17 NY3d 809 [2011]; People v Hazen, 20 AD3d 586, 588-589 [2005], lv denied 5 NY3d 806 [2005]).

We also reject defendant's renunciation argument.  The trial evidence establishes that only after the victim stopped screaming and resisting and told him that cameras were watching did defendant stop assailing the victim (see People v Dolan, 51 AD3d at 1339-1340; People v Jenks, 239 AD2d 673, 675-676 [1997]).  Under these circumstances and notwithstanding defendant's apology to the victim, we cannot conclude that defendant ended his attack "because he had a change of heart and, for that reason alone, voluntarily abandoned his intention to abduct the victim" (People v Dolan, 51 AD3d at 1340).

Defendant's assertion that the photo array was unduly suggestive because his photograph was brighter than the other photographs is without merit (see People v Evans, 137 AD3d 1683, 1683 [2016], lvs denied 27 NY3d 1131 [2016]).  Viewing the array as a whole, the shading of defendant's photograph does not

impermissibly draw attention to him (see People v Fernandez, 30 AD3d 626, 627 [2006]; People v Davis, 18 AD3d 1016, 1017-1018 [2005], lv denied 5 NY3d 805 [2005]).  In any event, any error was harmless in light of the in-court identification of defendant by the victim and the surveillance video depicting defendant as the assailant (see People v Williams, 11 AD3d 810, 811-812 [2004], lv denied 4 NY3d 769 [2005]; People v Brooks, 210 AD2d 800, 802 [1994], lv denied 85 NY2d 906 [1995]).

We also reject defendant's claim that County Court's Sandoval ruling was erroneous.  County Court allowed the People to inquire of defendant, if he testified, whether he was convicted of burglary, robbery and endangering the welfare of an incompetent person.  These convictions were neither too remote in time nor similar to the charged crimes and were probative of defendant's credibility and willingness to put his interests above those of society (see People v Victor, 139 AD3d 1102, 1109-1110 [2016]; People v Malak, 117 AD3d 1170, 1174-1175 [2014], lv denied 24 NY3d 1086 [2014]; People v Woodard, 93 AD3d 944, 946 [2012], lv denied 24 NY3d 1048 [2014]).  Furthermore, County Court fashioned an appropriate balance by precluding the People from asking about the facts underlying these convictions.  As such, we perceive no abuse of discretion in County Court's Sandoval compromise (see People v Lloyd, 118 AD3d 1117, 1122 [2014], lv denied 25 NY3d 951 [2015]).

Finally, we have examined defendant's argument that the imposed sentence was harsh and excessive and find it to be without merit (see People v Lee, 129 AD3d 1295, 1300 [2015], lv denied 27 NY3d 1001 [2016]; People v Newkirk, 75 AD3d 853, 857-858 [2010], lv denied 16 NY3d 834 [2011]).

Garry, J.P., Egan Jr., Lynch and Rose, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court